Marshall, Ch. J.,
 

 delivered the opinion of the court. — This case presents several questions of some difficulty ; but as the argument has been
 
 ex parte,
 
 and there are other points on which the judgment must necessarily be reversed, the court will confine its opinion to those on which no doubt can arise.
 

 At the trial of the issue of fully administered, the plaintiff’s counsel moved the court to instruct the jury, “that as it appeared, by the accounts exhibited by the defendants, that a part remained in their hands unadminis-tered, that the plea was, therefore, false, and that on that ground he was entitled to their verdict on the whole issue.” This instruction was given by the court, and to this opinion the counsel for the defendants excepted. It is now well settled, and the case cited from Cranch, in the argument, is founded on the principle, that if an administrator fails to sustain his plea of fully administered, he is not, on that account, liable to a judgment beyond the assets to be administered. The plea is not necessarily false, within his own knowledge ; he may have failed to adduce proof of payments actually made. It is not required, that the plea should state with precision the assets remaining unadministered ; and an executor or administrator would always incur great hazard, if he were required to state and prove the precise sum remaining in his hands, under the penalty of being exposed to a judgment for the whole amount claimed, whatever it might be. To state a full administration, without proving it, would be useless. The rule and usage, therefore, *is, that if the plea of fully administered be found against the defendant, the verdict ought to find the amount of assets unad-ministered, and the defendant is liable for that sum only. The instruction of the court, on this point, is erroneous, and, consequently, the verdict and judgment founded on it, must be set aside and reversed.
 

 The same error is in the verdict. Instead of finding the amount of assets remaining unadministered, it finds the whole amount claimed, which, as was decided in the case already mentioned, is clearly erroneous. There is also additional error in the judgment which is rendered against the administrators,
 
 de bonis propriis,
 
 instead of being
 
 de bonis testatoris.
 
 For these errors, the judgment must be reversed, and the verdict set aside, and the cause remanded for further proceedings according to law.
 

 Judgment reversed.
 

 Judgment. — This cause came on to be heard, on the transcript of the record of the court of the United States for the seventh circuit in the district of East Tennessee, and was argued by counsel on the part of the plaintiffs in error. On consideration whereof, this court is of opinion, that there is error in the record and proceedings of the said circuit court, in this, that the said court instructed the jury, on the trial of the issue, on the plea of
 
 *300
 
 fully administered, that, as it appears, by tbe aocounts exhibited by the defendants, a part remained in their hands unadministered, *the plea was, therefore, false, and that, on that ground, the plaintiff was entitled to their verdict on the whole issue ; and also in this, that the jury have found a verdict, on the plea of fully administered, against the defendants, without finding the sum unadministered ; and also in this, that the judgment on the said verdict is absolute against the administrators themselves, instead of being, to be levied of the goods and chattels of their intestate, in their hands to be administered. Whereupon, it is considered by the court, that the said judgment be reversed, and the verdict be set aside, and the cause remanded to the said circuit court, that further proceedings may be had therein, according to law.