### KING, Administrator, *v.* ANTHONY, Administrator.

Assumpsit against an administrator on promises of the intestate. Pleas, non-assumpsit, the statute of limitations, and plene administravit. Judgment against the defendant *de bonis propriis. Held,* that as neither of the pleas was false within the defendant's knowledge, the judgment *de bonis propriis* was erroneous; but that as this was only a clerical mistake, time would probably be given for its amendment below, were there no other error in the case.

In an action against an administrator, if, on the pleas of non-assumpsit and plene administravit, the jury find for the plaintiff, they should also find the amount of the assets in the defendant's hands unadministered.

If two replications be filed to one plea, the defendant may demur specially for the duplicity; but a rejoinder to the replications cures the objection.

If the plaintiff, in an action against two, proceed to judgment against one alone, and the record do not contain a return of the writ that the other had not been found, and a suggestion of such a return, the judgment will be reversed on error.

ERROR to the *Vanderburgh* Circuit Court.

BLACKFORD, J.—Assumpsit by the administrator of *Jonathan Anthony,* against *Thornberry* and his wife, administratrix, and *King,* administrator, of *James Anthony.* There is no return of the writ in the record, nor a suggestion, showing that any of the defendants had not been found. *King* appeared and pleaded, first, non-assumpsit; secondly, the statute of limitations; thirdly, plene administravit. Issue was joined on the first plea. To the second, there were two replications: one, that the case was within an exception of the statute; the other, denying the plea generally. Rejoinder and issue, as to the first replication; and an issue on the second. To the third plea, the plaintiff replied that the defendant had assets; and on that, issue was joined. The verdict was as follows: "We of the jury find for the plaintiff, and assess his damages at 1,000 dollars." A motion for a

new trial was made and overruled, and the following judgment rendered: "It is on motion considered by the Court, that the plaintiff recover the sum aforesaid by the jury assessed, with interest thereon till paid, together with costs, &c."

The judgment in this case being *de bonis propriis*, is erroneous. None of the pleas can be considered false within the defendant's own knowledge, like that of *ne unques executor*, or a release to the defendant (1). As this is, however, only a clerical mistake, *Short* v. *Coffin*, 5 Burr. 2730, time would probably be given for its amendment in the Court below, were there no other error in the case (2). But the verdict is also erroneous. On the pleas of non-assumpsit by the intestate, and plene administravit by the administrator, the jury finding both issues for the plaintiff, should have not only assessed the damages for the not performing of the promises, but should have also found the amount of the assets in the hands of the administrator unadministered; the administrator being liable no further than for the assets in his hands. *Fairfax's Executor* v. *Fairfax*, 5 Cranch, 19.—*Siglar*, *Admr.* v. *Haywood*, 8 Wheat. 675.

The objection to the proceedings, on account of there being two replications to one of the pleas, comes too late. It is true, that the statute of Anne, authorising double pleading, does not extend to replications, 1 Chitt. Pl. 549; neither does ours, R. C. 1824, p. 292. But duplicity in pleading can only be taken advantage of by special demurrer. 1 Chitt. Pl. 513. In this case, the defendant rejoined to both the replications; and that put an end to his right to the objection he now makes.

One of the defendants in this action appeared and pleaded, and the plaintiff proceeded against him alone. There is no return of the writ in the record, that the others had not been found, nor any suggestion of such return; both of which were necessary to warrant this proceeding. R. C. 1824, p. 290 (3).

*Per Curiam.*—The judgment is reversed, &c. Cause remanded, &c.

*Hall*, for the plaintiff.
*Judah*, for the defendant.

(1) Vide note to *Weathers* v. *Newman*, Vol. 1. of these Rep. 233.

(2) Vide *Songer* v. *Walker*, Vol. 1. of these Rep. 251, and note.

(3) Vide *Morris* v. *Knight*, Vol. 1. of these Rep. 106, and note. R. C. 1831, p. 400.