Nov. Term,
1831.

JOHNSON
v.
HAWKINS.

*Per Curiam.*—The judgment is reversed with costs.   Cause remanded, &c.

*Smith*, for the appellants.
*Wick*, for the appellee.

----

JOHNSON, Surviving Administrator, *v.* HAWKINS.

Debt by *A.* against *B.*, administrator of *C.*, on a bond of the intestate for 860 dollars. Damage, 100 dollars.   Pleas, *non est factum* and *plene administravit.*   Verdict for the debt, and for 481 dollars and 60 cents damages; in all 1,341 dollars and 60 cents.   Judgment for the same, *de bonis propriis*, with costs.

*Held*, that the judgment is erroneous: 1st, because it is *de bonis propriis;* and, 2dly, because it is for a greater sum than is laid in the declaration.

*Held*, also, that the jury should have not only found the amount of the debt and damages, but also the amount of assets in the defendant's hands.

ERROR to the *Martin* Circuit Court.

*Wednesday,*
*November 9.*

STEVENS, J.—Debt by *James Hawkins* against *Julius Johnson*, *Charles Brown*, and *Timothy Moses*, administrators of the

estate of *Benjamin Vanator*, deceased, on a writing obligatory made by the deceased in his life-time, for the payment of the sum of 860 dollars to the plaintiff. The damages laid in the declaration for the detention of the debt are 100 dollars. The defendants pleaded two pleas: first, that the supposed writing obligatory was not the deed of the deceased; and, secondly, *plene administravit.* Issue was joined on the first plea. To the second plea, a replication denying the plea and averring that there were assets to the amount of 1,000 dollars, was filed and issue joined thereon. The verdict was as follows: "We of the jury find for the plaintiff the debt in the declaration mentioned, and assess his damage at 481 dollars and 60 cents, making in the whole the sum of 1,341 dollars and 60 cents." A motion for a new trial was made and overruled, and the following judgment rendered: "It is therefore considered by the Court, that the plaintiff recover of the defendants the sum of 860 dollars the debt, and 481 dollars and 60 cents damages, making in the whole the sum of 1,341 dollars and 60 cents, as by the jurors aforesaid in manner and form aforesaid assessed, and that he recover his costs."

The judgment in this case, being *de bonis propriis*, is erroneous. Neither of the pleas can be considered false within the defendants' knowledge. However, if this was the only error, time might be given for the Court below to amend that error. *Short* v. *Coffin*, 5 Burr. 2730.—*King, Adm'r.* v. *Anthony, Adm'r.* May term, 1828. The verdict is also erroneous, being for a greater sum in damages than is laid in the declaration. The Court below ought to have set it aside, and granted a *venire de novo*, unless the plaintiff would have remitted the excess of the damages. And this Court, if asked, might give time for the *remittitur* to be moved and entered in the Court below, if there were no other errors. 1 Sellon's Practice, 481.—*Hoits* v. *Molony*, 2 N. Hamp. Rep. 322.—*Harris* v. *Jaffray*, 3 Har. & John. 546.—*Bank of Kentucky* v. *Ashley et al.* 2 Peters, 329.—Cro. Jac. 146.—Hob. 178.—Barnes, 17.—3 D. & E. 349, 659, 749, &c. The verdict is also further erroneous. On the issues of *non est factum* and *plene administravit*, the jury finding both issues for the plaintiff, should have not only found the debt in the declaration, and assessed the damages for the detention thereof, but should have also found the amount of the assets in

the hands of the administrators, they being liable no further than for the amount in their hands. *Fairfax's Executor* v. *Fairfax*, 5 Cranch, 19.—*Siglar, Adm'r.* v. *Haywood*, 8 Wheat. 675. —*King, Adm'r.* v. *Anthony, Adm'r. May* term, 1828. Vide, also, statutes of the state of *Indiana.*

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Kinney*, for the plaintiff.

*Judah*, for the defendant.