## THRASH v. SUMWALT.

1. A plea, by an administrator, that before the commencement of plaintiff's suit he had regularly settled the estate with the County Court, and judgment had been therein rendered against him in favor of the distributees, is bad; for the administrator cannot settle with distributees until he has paid all creditors who present their demands within the period fixed by law to bar oustanding claims.

2. When the issue is formed on a replication to the plea of *plene administravit,* and the verdict is for the plaintiff, it will be concluded that the jury have passed

on the quantity of assets and affirmed the allegation of the plaintiff, that more than sufficient assets to pay his demand had come to the administrator's hands, which ought to have been so applied.

3. The statute of non claim [Dig. 153, § 6] creates a complete bar, by the omission to exhibit the demand to the administrator within eighteen months, in all cases not excepted by the statute, whether the administrator does or does not make publication, as required by another section of the same act; [Dig. 180, § 12] and therefore a replication to a plea of *plene administravit* is bad, when it offers an issue upon the fact of advertising.

WRIT of Error to the Circuit Court of Dallas county.

Assumpsit, by Sumwalt against Thrash, as the administrator of Wood, on a note given by the intestate in his life time.

The defendant pleaded,

1st. *Non Assumpsit;* on which there was a joinder.

2d. The statute of non claim, to which the plaintiff replied that the defendant did not make publication in the manner required by law. The defendant demurred, but the Court held the replication good and overruled the demurrer: the defendant then made an issue of fact to the jury.

3d. That before the commencement of the suit, the defendant, as administrator, &c. had regularly made a final settlement of the estate of his intestate before the Orphans' Court of Dallas county; and on such settlement judgment was rendered against him in favor of the distributees for the amount of money remaining in his hands as administrator.

The plaintiff demurred to this plea, and the demurrer was sustained.

4th. *Plene administravit.*

5th. *Ne unques administrator.*

6th. That he was not administrator when the suit was commenced.

If there were any replications to the three last mentioned pleas, they are omitted from the transcript.

A general verdict was returned, assigning the plaintiff damages, but entirely omitting to ascertain what assets remained unadministered. On this verdict a judgment was entered.

The defendant now assigns for error,

1st. That the Court erred in sustaining the demurrer to the third plea.

2d. In overruling the defendant's demurrer to the replication to the second plea.

3d. In rendering judgment on the verdict it, not ascertaining what amount of assets remained in the defendant's hands to be administered.

J. P. SAFFOLD, for the plaintiff in error.
EDWARDS, for the defendant.

[Another cause between McNair and wife v. Chaudron, presenting the principal question, was subsequently argued by R. SAFFOLD, for the plaintiff in error, and EVANS, for the defendant.]

On the second point, and to show that the bar of the statute of *non claim* depends alone on lapse of time, and not upon any act of the administrator, the following authorities were cited:—[Aik. Dig. 153, § 6 ; ib. 180, § 12; Hazard v. Purdom, 3 Porter 43; Brown v. Anderson, 13 Mass. 201; 15 ib. 7; 16 ib. 198; Bond's heirs v. Smith, 2 Ala. Rep. 660; Jones v. Pharr, 3 Ala. Rep. N. S. 283; McBroom v. Governor, 6 Porter 32; Ware v. Bradford, 2 Ala. Rep. N. S. 675; Acre v. Ross, 3 Stewart 288; Ready v. Thompson, 4 S. & P. 52; Neal v. Cunningham, 2 Porter 191; 6 Conn. 28; 3 N. H. 491; 5 Pick. 140; Hooper v. Bryant, 3 Yerger, 1.]

Against this position, and to show that the bar of the statute depends on the act of publication, the following cases were cited : [Bond v. Allen, C. C. U. S. Martin, 83; Duval's heirs v. McLoskey, 1 Ala. Rep. N. S. 708; Evans v. Norris, ib. 511 ; Mass. 6; 13 ib. 201; 16 ib, 432.]

GOLDTHWAITE, J.—Some reliance seems to be placed on the points raised by the first and last assignments of error; we shall therefore proceed to dispose of them before considering the more important question growing out of the plea of *non claim*.

1. The third plea we consider to be substantially bad, because the facts alleged by it do not discharge either the defendant, or his intestate's estate, from liability to the plaintiff. An administrator is bound to a creditor in consequence of the assets which come to his hands to be administered; and a distributee has no claim

whatever, until the demands of all creditors are satisfied or legally barred. If then the administrator prematurely settles with the distributees, he does not discharge the assets which may afterwards come to his hands, or himself from liability, on account of those already received. Nor is it any answer to the creditor that a distribution has been decreed by the Orphans' Court. The creditor cannot be forced into that tribunal to litigate any question, either with the administrator or with the distributees, except in case of reported insolvency. In all other cases, he deals with the administrator; and when his demand has been presented within the proper period, it is the duty of the administrator to pay it as soon as the assets of the estate are converted into money.

2. The last assignment of error denies the sufficiency of the verdict to support any judgment whatever ; and we understand the plaintiff, in this court, to insist that whenever the plea of *plene administravit* is interposed, there must be a special verdict, ascertaining in terms either that assets more than sufficient to satisfy the demand sued for, remain unadministered; or, if not sufficient, the extent of the assets thus liable to the creditor.

The cases of Booth v. Armstrong, 2 Wash. 301; Rogers v. Chandler, 3 Mumf. 65; Epps v. Smith, 4 ib. 466; Fairfax v. Fairfax, 5 Cranch, 19; and Siglar v. Hayward, 8 Wheat. 675, are cited as decisions of the question now presented. The reasons upon which these decisions rest, are stated by Chief Justice Marshall in Fairfax v. Fairfax, in these terms : " The defendant in error relies on the form of the issue. He contends that as the replication alleges that the defendant has more than sufficient assets to satisfy the debt, the finding of that issue for the plaintiff below, is, in effect, finding the defendant has assets more than sufficient to satisfy the debt; and, if so, it is wholly immaterial what the real amount of assets is. But, if this were the issue, and the demand was five hundred dollars, if the jury should find that the defendant had assets to the amount of four hundred and ninety-nine dollars, the judgment must be for the defendant. But the law is not so; an executor is liable for the amount of assets in his hands and not more: the issue really is whether the defendant has *any*, and what amount of assets in his hands."

This is certainly high authority, but, still, we think it does not meet the case. All that Chief Justice Marshall asserts is true;— an executor or administrator is liable only for the amount of as-

Thrash v. Sumwalt.

sets which come to his hands; and the issue really is, whether the defendant has *any* and *what amount* of assets in his hands. But when a verdict is returned for the plaintiff, and ascertaining the damages sustained, what reason is there to limit this verdict, and to infer from it that the amount of the assets have not been ascertained?

If the assets which came to the hands of the administrator were not sufficient to satisfy the plaintiff's demand, it clearly was the duty of the jury to say so by the verdict, but they have omitted to do so; they have gone further, and said they find the issue for the plaintiff; it is true this issue consists of two matters: first, whether any assets are yet to be administered; and second, if so, the amount. When then the jury, return a general verdict for the plaintiff, must it not be understood that the finding concludes every matter in issue? In our opinion, such a finding is conclusive, for the reason that we must otherwise consider the jury as having omitted to perform a part of their duty, which was, to inform the Court by the verdict, if the assets were less than sufficient to satisfy the plaintiff's demand. The case of Harrison v. Beckles, cited in 3 Term Rep. 689, on which all the cases seem to rest, if indeed they have any foundation in the practice of the English Courts, only advances the proposition, that an executor is liable to the extent of the assets, and that, verdict in a particular form *may be*, not that it *must be*, returned. Indeed, the direct reverse of this proposition of Chief Justice Marshall is inferable from a fact noticed by Judge Buller, in his opinion in the case of Ewing v. Peters: [3 Term Reporters 686,] when stating the reasons which induced Lord Mansfield, in Harrison v. Beckles to depart from the current of authorities. He says the notion of Lord Mansfield was not a new one, for on looking into the precedents for judgment entries, he finds many such. Now it is scarcely possible that such precedents should be noticed as exceptions, proving the law to be as held in Harrison v. Beckles, if in every case where *plene administravit* was pleaded, the jury were forced, by any issue on it, to return a special, instead of a general verdict. The omission of any remark by judges or commentators, to indicate such as the usual course of practice, is strongly persuasive to show, the rule never was so considered in the English courts. Besides this, the correlative case of a suit against the heir for the bond debt of his ancestor, is precisely

3

the same in principle, as a suit against an administrator who relies either on the want of assets, or upon the fact of having administered such as came to his hands. In such a suit the heir is only liable to the extent of the effects by descent, and yet we never hear that the verdict in such a case must, necessarily, be special, though it may, and ought to be so, if he has not sufficient to pay the debt, or is entitled to retain for one of his own of equal degree. These reasons and analogies lead us to the conclusion, that when the verdict in such a case as this, is general in its terms, it must be considered as finding every matter contained in the issue, to the utmost extent of the allegations upon which issue is taken.

We have hitherto examined this subject as if the issue was formed upon the most usual replication to the plea; and that we understand to be a very general assertion that assets equal to, or more than sufficient to satisfy the demand sued for, have come to the administrator's hands, which he could, and ought to have applied in discharge of it. There are many other matters which may be replied to this plea, but the defendant having neglected to require a special replication, as under our practice he might have done, he must be considered as assenting that the usual and most general issue should be passed upon by the jury.

Our opinion then is, that a judgment could be, and was properly rendered on this verdict.

3. We come now to the consideration of the remaining point in this case, and it presents the important question, whether the statute of *non claim* attaches as a matter of course to all the demands not excepted by the *proviso*, entirely independent of any act or omission by the administrator or executor of a decedents estate.

It is urged by the plaintiff's counsel, that the general understanding of the profession in this State, has always been, that the bar is conditional only, and does not attach until the administrator or executor has advertised, as directed by the same statute. And it is supposed this Court has recognised, and to some extent, confirmed the opinion of the profession, by assuming a replication similar to the one in this case, as a sufficient answer to the plea.

The opinion of the profession on such a question as this, is certainly entitled to great respect, and we would not lightly disturb a matter considered as settled; but on the other hand, it is denied that such an opinion is by any means general, and perhaps the

Thrash v. Sumwalt.

most that can be claimed, is that it has, hitherto, never been considered of sufficient importance in any case to be presented for decision in this, as the Court of the last resort.   With respect to the supposed confirmation of the propriety of such a replication by a decision here, we can only say that matters may be, and frequently are used in illustration of a question, which on examination may not themselves be able to bear the test of judicial scrutiny.   The point to be determined in the case of Evans v. Norris, [1 Ala. Rep. N. S. 511,] was as to the *party* upon whom the *onus* of proof was cast when a *non claim* was pleaded in bar. We held it to be with the plaintiff, as his replication must, if general, assert a presentment within eighteen months; and that in such a case it would be impossible for the defendant to prove a negative.   We then proceed to illustrate that view of the case by saying in effect, that the rule would be otherwise, if the plaintiff should reply specially that the administrator did not advertise; for, in that state of the pleadings, he would hold the affirmative. It is claiming too much to argue that a mere illustration is to be considered in the nature of an adjudication.

With these preliminary observations, we shall proceed to examine the statute by which this defence is given.

It provides that " all claims against the estates of deceased persons, shall be presented to the executor, &c. within eighteen months after the same shall have accrued, or within eighteen months after the passing of the act, or within eighteen months after letters testamentary, &c. shall have been granted to the executor, &c. and not after; and all claims not presented within the time aforesaid, shall be forever barred from a recovery; *provided,* that the provisions of this act shall not extend to persons under age, *feme covert,* persons insane, or *non compos mentis,* to debts contracted out of this territory, or to claims of heirs or legatees claiming as such."   [Dig. 153, § 6.]

Another section of the same act declares " it shall be the duty of executors, &c. within two months after the granting of letters testamentary, &c. to publish in some newspaper, printed in this Territory, a notice requiring all persons having claims against the estate of their testator, &c. to exhibit the same within the time limited by law, or the same shall be barred; which notice shall state the time of granting such letters, &c. and shall continue to be published for six weeks;" [Dig. 180, § 12.]

The construction of this statute, with respect to other parties than the personal representatives, was incidentally before this Court in the case of Borland v. Darrington; [3 Porter, 9; and McBroom v. Governor, 6 Porter 32,] in which the opinion was expressed that its object was to provide a perfect bar for the benefit of creditors or distributees.   We entertain the same opinion now, and as the statute is here directly involved, it is as well to state more fully, the reasons which induce this conclusion.

A distributee, or legatee, before the passage of this act, was entitled to nothing until the debts due from the decedant were discharged, and as these could not be ascertained with any degree of security to the personal representative, until the ordinary period of limitation had run out, it was unsafe for him to settle the legacies or distribute the estate until sufficent time had elapsed to constitute a complete bar, if he chose to insist on it.   This, evidently, was the evil which induced this act; and and as it enabled the personal representative to distribute the estate with perfect security; so it likewise confers the right on the distributee to insist that his portion shall not be lessened by any admission of the personal representative.   It is emphatically a statute of repose, and as any revival of the liability of the personal representatives would necessarily impede the settlement of estates, such a revival is not permitted to arise out of his admission, nor ought it to be let in by any construction, unless clearly within the intention of the act.

The object of the enactment once ascertained, the construction is free from difficulty.   There is a class of creditors whose debts are entirely without the operation of the statute; and there are several classes of persons who are entirely unaffected by it; but with respect to these, it is highly probable that the plea of a full administration, would let in proof by the administrator of a distribution previous to actual notice of the debt.   All other debts then due, are completely and effectually barred, unless exhibited within the limited time.

The duty imposed on the executor, &c. to advertise, is as important to the debts and debtors excluded from the operation of the statute, as it is to those whose claims may be absolutely barred, and therefore, nothing can be inferred from the imposition of this duty, to induce the belief, that the bar of the statute was only to apply if the executor performed his duty.   In opposition to the

idea that this was intended as the condition of the bar; the exceptions mentioned in the *proviso*, are almost conclusive that none other were contemplated. Besides this, if the bar could be prevented by a culpable omission on the part of the executor, it would result to the delay, not to say injury, of the distributees, who are, as has been shown, the principal persons to derive any benefit from the act. We may add also, that in other states, where similar statutes exist, they are construed as conferring direct rights upon the distributees, which cannot be affected by the admissions of the personal representatives. This is fully shown by the cases cited by the counsel for the plaintiff in error.

It is said, however, that in two of the States where such statutes prevail, the construction is to make the bar depend on the fact that the prescribed notice is given by the administrator. We have examined the statutes of North Carolina and Massachusetts, the States referred to, and find them to be conditional in express terms, and in both these States the bar does not arise until the notice is given. In Tennessee, where the statute is almost identical with that in force here, the same conclusion as our own, was arrived at in the case of Hooper v. Bryant 3, [Yerg. 1.]

Our conclusion is, that the demurrer to the replication to the plea of *non claim* should have been sustained; and therefore the judgment is reversed, and the cause remanded for further proceedings.