May Term,
1846.

M'Manus
v.
Richardson.

### M'Manus v. Richardson and Another.

A *scire facias* against *A.* and *B.* was returned served on the former and "not found" as to the latter. Judgment by default against both defendants. *Held*, that the mistake in rendering judgment against *B.* was a clerical one, and might be amended.

The Supreme Court amended said mistake; the parties having agreed that if the Circuit Court could make the amendment, the Supreme Court might make it.

Wednesday,
June 3.

ERROR to the *Lawrence* Circuit Court.

BLACKFORD, J.—*Scire facias* in favour of *Richardson* and another against *M'Manus* and *Chess* on a justice's transcript to have execution, &c. The sheriff returned the writ served on *M'Manus*, and "not found" as to *Chess*. Judgment against the defendants for the sum of, &c., and that execution issue against their goods and chattels, lands and tenements.

The defendants in error have moved this Court to amend the judgment, the adverse party agreeing that if the amendment could be made by the Circuit Court, it might be made in the Supreme Court. The amendment proposed is, that the judgment be so altered as to be against *M'Manus* alone. We think the error in the entry of the judgment is shown by the proceedings previous to the judgment, to be a clerical one, and that it is therefore amendable. In ejectment, if the judgment be entered "that the plaintiff recover the damages and costs," omitting that he recover his term, it may be amended even after error brought. 2 Viner's Abr. 310.—*Fite* v. *Doe*, 1 Blackf. 127. So, where judgment is entered against an administrator *de bonis propriis*, when it should be against the goods of the intestate, it may be amended after error brought. *Short* v. *Coffin*, 5 Burr. 2730.—*King* v. *Anthony*, 2 Blackf. 131. These are similar cases to the one before us. The motion is sustained.

*Per Curiam.*—The amendment having been made, the judgment is affirmed.

*C. P. Hester*, for the plaintiff.

*G. G. Dunn*, for the defendants.