May Term,
1859.

BURSON
v.
BLAIR.

---

## BURSON *v.* BLAIR and Others.

12  371
150  331

APPEAL from the *Marshall* Court of Common Pleas.

Thursday,
June 2.

WORDEN, J.—Complaint by the appellant against the appellees, alleging the following facts, in substance, viz.: That *Stephens* mortgaged to *Blair* three tracts of land in *Marshall* county; that afterwards, *Stephens*, with the consent of *Blair*, sold two of them, and the proceeds were applied on the debt secured by the mortgage, and *Blair* released to the purchaser the lands thus sold, from the mortgage; that afterwards, *Blair* filed his bill to foreclose the mortgage in the *Marshall* Court of Common Pleas, in which action *Deavitt* appeared as the attorney of *Stephens*,

and the facts as to the release of the two tracts of land, appearing to the Court by the admissions of *Deavitt* as counsel, a decree of foreclosure was ordered as to the remaining tract not thus released, for the balance due on the mortgage, and a memorandum was furnished the clerk, of the remaining tract thus ordered by the Court to be sold, but, by some mistake of the clerk, the decree was entered for the sale of all the land mentioned in the mortgage; that an execution issued on the judgment of foreclosure, on which *Deavitt* became replevin bail, whereupon the execution was returned; that upon the expiration of the stay thus taken, another execution issued, and on the day when the property was offered for sale, *Blair*, for the first time, discovered that the decree had been erroneously entered, and by his direction, only the remaining tract of land, not thus released from the mortgage, was sold; that after selling the last-mentioned tract, there remains a balance due on the judgment; that afterwards the plaintiff purchased the judgment from *Blair*, and took a written assignment thereof, a copy of which is set out; that, at the time of purchasing the judgment, the plaintiff had no notice whatever of the error or mistake in the entering thereof; that *Deavitt*, at the time he became replevin bail, had full knowledge of the release of the two tracts of land, &c., and that the Court only ordered the remaining tract to be sold, and of the mistake of the clerk in entering the judgment.

Prayer, that the mistake be corrected in the entry of judgment, so as to make it conform to the order of the Court, and that the executions issued thereon be also corrected, and for other relief.

*Stephens* made default. *Blair* appeared and answered, admitting the transfer of the judgment to the plaintiff, as alleged in the complaint. *Deavitt* demurred, assigning for cause, that the complaint did not state facts sufficient, &c., and that there was a defect of a parties plaintiff. The demurrer was sustained by the Court, and the plaintiff excepted. Final judgment for the defendants.

We are of opinion that the Court erred in sustaining

the demurrer to the complaint. On the facts set up, the plaintiff was entitled to have the judgment and executions amended, in order that upon exhausting the property not thus released from the mortgage, he could proceed against the other property of the defendant, or, if need be, against that of the replevin bail. The replevin bail is shown to have been fully cognizant of the fact that the two pieces of land had been released from the mortgage, and the order of the Court in the premises, and it is but equitable that the amendment should be made as against him, as well as against *Stephens*, the judgment-debtor. All Courts possess inherent power to correct clerical mistakes in their proceedings. *Silner* v. *Butterfield*, 2 Ind. R. 24. See, also, *Lippencott* v. *Wygant*, *id.* 661; *M'Manus* v. *Richardson*, 8 Blackf. 100. This was a mere clerical error which should have been amended. The action is well brought in the name of the plaintiff. By the assignment of the judgment to him, as averred, he became the real party in interest, and as such, was entitled to sue under § 3 of the code. Perhaps the legal title to the judgment did not, by the assignment, pass to the plaintiff, so as to prevent a subsequent transfer to an innocent purchaser, or so as to affect the validity of a payment to *Blair*, the judgment-creditor, for the reason that the assignment was not on, or attached to, the entry of the judgment, nor attested by the clerk, as is provided for by the statute. 2 R. S. p. 335. But the assignment to the plaintiff vested in him the equitable interest in the judgment, and authorized the suit in his own name. *Mewherter* v. *Price*, 11 Ind. R. 199.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with instructions to the Court to overrule the demurrer.

*J. Bradley*, *A. L. Osborn*, and *C. H. Reeve*, for the appellant.

*A. G. Deavitt*, for the appellees.