SMITH, EXECUTOR, *v.* CHAPMAN, EXECUTOR.

In an action against an executor upon a contract of his testator, where a *devastavit* is not alleged and proved, a judgment *de bonis propriis* is erroneous.

ERROR to the Circuit Court of the United States for the District of Minnesota.

The case was argued by *Mr. W. P. Clough* for the plaintiff in error, and by *Mr. Thomas J. Durant* for the defendant in error.

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Judgment was recovered in the Supreme Court of the State of New York by George W. Chapman, executor of Eunice Chapman, deceased, against John Gordon, then in full life, since deceased, in the sum of $4,759.80; and it appearing that the judgment was unsatisfied and in full force, and that the judgment debtor had deceased, the judgment creditor brought an action of debt on

that judgment against the executors of the deceased judgment debtor, in which he demanded judgment for the amount recovered against the testator, with lawful interest. Due service was made on the first-named defendant; and he appeared and filed an answer setting up the following defence : That most of the property, rights, and credits of the testator, at the time of his death, were then situated in San Francisco, in the State of California; that the last will and testament of the deceased was duly proved, approved, and recorded in the probate court for the county where the testator died; that letters testamentary, in due form of law, were issued and delivered to P. B. Clark, one of the persons named in his will as executor, and that he, as sole executor of the estate of the decedent, fully administered the same; and that the defendant, at the time of the commencement of the action, had not, nor has he since had, any property, rights, or credits of the deceased in his hands to be administered.

Replications not being allowed by the law of the State, the parties, having waived a jury, went to trial before the court without any further pleadings, and the verdict and judgment were for the plaintiff. Rev. Stat., Minn. 1866, p. 459.

Exceptions were filed by the defendant to the rulings of the court in the progress of the trial; but the court here does not find it necessary to determine the questions raised by the exceptions, as it is clear that the form of the judgment is erroneous, and that the judgment must be reversed for that reason. Enough has already been remarked to show that the action was debt on judgment recovered against the deceased testator of the defendant, and that nothing is alleged in the declaration to show that the defendant has become personally liable for the judgment debt.

Viewed in the light of those suggestions, it is clear that the judgment should have been *de bonis testatoris*, instead of *de bonis propriis*, as shown in the record. Unless an administrator or executor in such a case pleads a false plea, he is not liable to a judgment beyond the assets in his hands to be administered; and it is well settled that a plea of *plene administravit* is not necessarily a false plea, and that the judgment in such a case, even if the plea is not sustained, should be a judgment *de bonis testatoris*. *Siglar* v. *Haywood*, 8 Wheat. 675.

Instead of that, the judgment in this case was as follows: "It is considered by the court, and adjudged, that the plaintiff do have, and recover of and from the defendant, impleaded as aforesaid, the sum of $7,648.33," with interest and costs.

Beyond doubt, the suit in this case was against the defendant, as the executor of the last will and testament of John Gordon, deceased; and it is equally clear, that the declaration does not contain any allegation that the defendant had been guilty of any waste of the assets in his hands, or of any mismanagement in the performance of his duties as executor of the last will and testament of the deceased.

When the suit is against the defendant as executor, and no *devastavit* is alleged, it is clear that a judgment *de bonis propriis* is unwarranted, even if it appear that the defendant has received assets, unless it appears that no assets can be found. *Boyce's Ex'rs* v. *Grundy*, 9 Pet. 275.

*Plene administravit* is doubtless a good plea, and, if sustained by sufficient evidence, it is a good defence; but the rule is, that the jury, under such a plea, if no *devastavit* is averred, must find the amount of the assets, if any, before any judgment can be rendered. *Fairfax's Ex'r* v. *Fairfax*, 5 Cranch, 19.

Even if it appear that an executor has received assets, still the judgment or decree should be against him, in his representative character, to be levied out of the assets in his hands, when no *devastavit* is averred and proved, unless it appear that no such assets can be found; in which event, the rule is, that the judgment may, if so ordered, be levied out of his own proper goods.

Apply these rules to the case before the court, and it is clear that the judgment is erroneous.                    *Judgment reversed.*