TERRY and others *v.* PRESIDENT AND DIRECTORS OF THE BANK OF CAPE FEAR and others.

*(Circuit Court, W. D. North Carolina.* May Term, 1884.

1. EXECUTORS AND ADMINISTRATORS—EQUITY—TRUSTEE—RELATION TO CREDITORS.

In courts of equity, executors and administrators are considered in almost every respect as trustees, and the proper representatives of all persons interested in the personal estate. The duty is imposed upon them of protecting such estate from all improper demands, and persons interested cannot properly be made parties in a suit against such executors or administrators for an account of the personal estate, although such person may be greatly interested in contesting the demands which have occasioned the suit.

2. SAME—REFERENCE—WAIVER—FAILURE TO ANSWER—LEGAL INFERENCE.

The privilege of a reference allowed by law to an executor or administrator may be waived by him If, upon the occasion presenting itself, such executor or administrator does not appear and answer, and avail himself of the privilege of a reference as to the condition of the assets in his hands after due service of process, the court may presume that his silence and inaction are equivalent to a waiver of a reference, and an admission of assets sufficient to satisfy the ascertained claims of the plaintiffs.

In Equity. Motion in the cause.

*James E. Boyd,* for motion.

*J. H. Dillard* and *W. S. Ball, contra.*

DICK, J. This is a motion made on behalf of a creditor of the estate of Talbot Selby, deceased,—now in the hands of his executors,— for an order of reference to ascertain whether there are assets in the hands of said executors sufficient to pay all the debts against said estate; and that execution in said cause be stayed until such fact is ascertained, and that the creditors of the estate be allowed to be heard before the master, and before the court, as to the application of assets to the satisfaction of the decree in this case.

Some of the facts and the general nature of the proceedings in this suit have been stated in an opinion delivered at this term, in determining a motion made by Thomas W. Strange, administrator, and I deem it unnecessary to restate them, as such opinion is on file and easily accessible. See *post*, 777.

The said Selby was duly constituted a defendant in this suit, and he made appearance and joined in the answer filed. At April term, 1877, a preliminary decree was made declaring the rights of the plaintiffs and the respective obligations of the defendants, and a reference was made to ascertain the necessary facts which would enable the court to adjust and determine the rights and liabilities of parties in a final decree. At April term, 1878, a report was made, exceptions were filed on both sides, and were set down for argument. During the pendency of these exceptions Selby died, and a bill of revivor was filed in September, 1881, and proper process was issued and served on his executors, W. S. Primrose and J. W. Crowder, and, as they filed no answer showing cause to the contrary, the suit stood revived as of course. Eq. Rule 56. At October term, 1882, after the revival of the suit as to the executors of Selby, the pending exceptions to the report of the master were disposed of, and a decree was made confirming said report, and adjudging that the plaintiffs do recover, respectively, from the defendants, including the executors of Selby, the sums severally assessed and reported against them, and execution was ordered' as to all the defendants except the executors of Selby. The money was soon paid into court, and constitutes a large part of the fund for distribution among the creditors.

After due notice to the executors of Selby, a motion was made at April term, 1884, that execution issue against them for the sum stated in the decree. At that term James E. Boyd, as counsel of one of the creditors of the estate of Selby, made the motion set forth in the first part of this opinion. The motion of plaintiffs for an execution was continued until the adjourned term of this court, with leave for a written answer to be filed in the mean time, suggesting a want of assets to pay all the debts of the testator, or making any other defense to the pending motion for execution. As no answer has been filed, and no one appears to oppose the motion at this adjourned term, the court regards the failure of said executors to file an answer, suggesting a want of assets and asking for a reference to take an account, to be a waiver of the privilege allowed them by law, and equivalent to an admission of assets to meet the demand of the plaintiffs against the estate of their testator.

The plaintiffs had no other remedy for the relief which they seek except in a court of equity. *Pollard* v. *Bailey*, 20 Wall. 520. This court acquired jurisdiction to afford equitable relief against the defendant Selby by due service of process and his appearance during his life, and before his death had proceeded to a preliminary decree declaring his liability to the equitable claims of the plaintiffs. Such

jurisdiction thus acquired was only temporarily abated by the death of Selby, and this court was not prevented from administering full relief in the matter by the jurisdiction subsequently acquired by the state probate court over the estate of the testator. *Ellis* v. *Davis,* 109 U. S. 485; S. C. 3 Sup. Ct. Rep. 327.

When a non-resident creditor commences an action at law against an executor or administrator to recover a debt due from the estate of a deceased person, he may carry on such action to judgment for the purpose of ascertaining his debts; but the judgment must be collected in conformity with the local law of the domicile. He is on the same footing with a resident creditor. *Yonley* v. *Lavender,* 21 Wall. 276.

This suit is in a court of equity, and is for strictly equitable relief, and was commenced before any of the rights of the executors were acquired. The bill of revivor was not a new suit against the executors, but it merely put in motion the proceedings which had been suspended by the death of the testator, and the executors were thus made parties to the original bill, and the suit was placed in the situation in which it stood at the time of the death of the testator. It has been settled by numerous decisions that the equity jurisdiction and remedies conferred by the constitution and statutes of the United States, cannot be limited or restrained by state legislation, so long as the equitable rights themselves remain. *Payne* v. *Hook,* 7 Wall. 425. As a general rule, courts of equity will not assume jurisdiction to adjust and enforce the rights of parties when they have a plain and adequate remedy at law; but when they righfully acquire jurisdiction they afford complete relief, as to the subject-matter and the parties over which they have obtained control, to the full extent of their power, and such power cannot be arrested or restricted by proceedings in another court. *Peck* v. *Jenness,* 7 How. 624.

The motion made by the creditor of Selby's estate for leave to intervene, and ask a reference to ascertain the debts and liabilities of such estate, and the condition of the assets, cannot be allowed. In courts of equity, executors and administrators are considered, in almost every respect, as trustees, and the proper representatives of all persons interested in the personal estate. The duty is imposed upon them of protecting such estate from all improper demands, and persons interested cannot properly be made parties in a suit against such executors or administrators for an account of the personal estate, although such persons may be greatly interested in contesting the demands which have occasioned the suit. The court would afford a remedy to such persons if it should be shown by satisfactory evidence that there was collusion between the executors and the parties claiming the demand, or that the executors are insolvent, and unable to meet the responsibility incurred by willful misconduct. 2 Will. Ex'rs, 1722.

I will now briefly state the reasons why a personal decree was made against the executors of Selby. When the bill of revivor was

filed, and process was served on them to show cause why the suits should not be revived, they could have appeared and filed an answer as to the condition of the assets in their hands, and thus have protected themselves from any personal loss. If they had made an appearance and filed an answer, and had not admitted assets, the court would have directed a reference to ascertain the extent of the assets. As they made no appearance, the plaintiffs could have compelled an answer making discovery as to the assets, by process of contempt, but they preferred to ask for a decree against them for the amount claimed.

In common-law actions commenced against an executor upon a contract of his testator, when a *devastavit* is not alleged and proved, a judgment *de bonis propriis* is erroneous. *Smith* v. *Chapman*, 93 U. S. 41. In such actions the rule is uniform that an executor or administrator shall be made liable only to the amount of the assets shown to be in his hands when he pleads the usual protecting pleas. If he fails to thus plead, or he admits assets, or is fixed with assets upon a trial, or he pleads a plea false within his own knowledge, which would, if true, be a bar to the action, and it is proved against him, judgment shall be in the alternative, *de bonis testatoris si, et si non de bonis propriis*. Where suits in equity are commenced against executors or administrators upon contracts of the deceased, the same rule should be observed, and decrees should be against them in their representative capacity.

In the case of *Mitchell* v. *Robards*, 2 Dev. Eq. 478, the supreme court of this state established a rule which I have observed in the case before me. The case referred to was a suit in equity which had been revived against the executor by *scire facias*, and not by bill, and Chief Justice RUFFIN, for the court, used the following language:

"The *sci. fa.* does not suggest assets in the hands of the executor, nor call for an answer; nor could it. Upon the hearing, a decree was made that Washington (the testator) was indebted to the plaintiffs in a certain sum, and that they might have execution therefor against the assets in the hands of the executor. Such decrees have crept into use of late, unadvisedly, owing to the manner of reviving by *scire facias*, which does not admit of an answer by the executor acknowledging assets, or stating an account. But they are against principle, and will not in future be passed. The primary jurisdiction of the court is *in personam*, and, although our statutes allow executions in equity, the nature of the decree is not altered, but only that process is substituted, at the election of the party, for that of contempt. The decree is against the defendant personally, regarding him as a trustee by reason of the fund in his hands applicable to the plaintiff's satisfaction. And no decree ought ever to be given for raising the money unless the assets be admitted by the defendant, or found upon a reference."

In subsequent cases the same court clearly intimate that the privilege of a reference allowed by law may be waived by the executor. *Dumas* v. *Powell*, 2 Dev. & B. Eq. 122; *Moody* v. *Sitton*, 2 Ired. Eq. 382.

As the executors in the case before us did not appear and file an answer, and avail themselves of the privilege of a reference as to the

condition of the assets in their hands, after due service of process I think the court was right in presuming that their inaction and silence in the matter was equivalent to a waiver of a reference, and an admission of assets sufficient to satisfy the ascertained claims of the plaintiffs. In order that no injustice or injury might be done to the executors, when this motion was made, after due notice, at April term, the motion was continued by the court to this adjourned term, with leave for the executors to file answer as to the assets in their hands, or show any other cause why the motion for execution should not issue. After such long indulgence, and frequent opportunities afforded, the executors can have no cause of complaint as to the granting of the motion of the plaintiffs.

Let an order for execution be drawn by plaintiffs' counsel.