[No. 502.  October 2, 1893.]

## ANTONIO SENESCAL et al., Plaintiffs in Error, v. JAMES BOLTON, Defendant in Error.

Assumpsit—Return of Process, Sufficiency of.—In a suit in assumpsit
against Charles Blanchard as administrator, and Louisa D. Bernard
as administratrix, of one Joab M. Bernard, deceased, and others, on
two certain promissory notes, made and executed by the intestate
and the others, where the sheriff made the following return of service
of process: "I further certify that I served the within summons on
Charles Blanchard, at Las Vegas, New Mexico, by then and there
delivering him a true copy of the original summons; and I further
certify that I served the within summons on Mrs. Louisa D. Bernard,
at Las Vegas, in my said county of San Miguel, on the twenty-sev-
enth day of March, 1891, by then and there delivering Charles
Blanchard a true and certified copy of said original summons, he
then and there accepting service for the said Louisa D. Bernard, one
of the administrators of J. M. Bernard, deceased,"—Held: Though
the wording is ambiguous, as the whole certificate is one sentence, it
may be fairly inferred that both services were made at the same
time, and therefore gave the court jurisdiction of the person of the
plaintiff in error.

Id.—Declaration—Judgment by Default against Administrator.—In
such action, where the declaration stated a cause of action against
the defendants, Charles Blanchard and Louisa D. Bernard, as ad-
ministrator and administratrix, without alleging that there were any
assets in their hands as such, it was error to render judgment by
default against them individually, but the judgment should have
authorized a levy only against the goods of the intestate in their
hands, and, if not sufficient to satisfy the judgment, then a levy only
for the costs out of their individual property.

ID.—DECLARATION—DEFAULT AGAINST ADMINISTRATOR—RETURN OF NUL-
LA BONA.—Where the declaration, in such action, failed to allege that
there were any assets in the hands of said defendants, as adminis-
trator and administratrix, or that they wasted the estate, the default
did not admit assets in their possession; and a return of the execu-
tion nulla bona was no proof of a waste of assets.

ERROR, from a judgment in favor of plaintiff, to
the Fourth Judicial District Court, San Miguel
County. Judgment reversed, and cause remanded,
with instructions to modify.

The facts are stated in the opinion of the court.

FRANK SPRINGER for plaintiffs in error.

The record shows no service of process on Blanch-
ard five days before the term. Jurisdiction of the per-
son must appear in some way, and if the face of the
record leaves that in doubt, the judgment is erroneous,
and it has been held even void. Freeman on Judg-
ments, sec. 124.

This defect, not having been cured by appearance
or other proceeding, is properly raised here. 1 Am.
and Eng. Encyclopedia of Law, 624; 12 Id. 307, and
note; Id. 310, and note; Freeman on Judgments, sec.
126, and note.

All presumption of jurisdiction may be rebutted
by the record itself. 12 Am. and Eng. Encyclopedia,
147, sec. b.

The subject-matter of an action is defined by the
pleadings, and the power to hear and determine is
limited to the matters thus defined. A judgment not
confined to the subject-matter thus brought into court
is void. 12 Am. and Eng. Encyclopedia, p. 147; V. &
W., sec. 6, et seq.; Freeman on Judgments, sec. 118.

A joint judgment against several defendants, one
of whom was not served, is erroneous. Douglass v.
Massie, 16 Ohio, 272; Freeman on Judgments, sec.

136; Black on Judgments, secs. 233, 234; Chaflin v. Dunne, 16 Am. St. Rep. 266, 129 Ill. 241; Holbrook v. Murray, 5 Wend. 162.

The proper judgment in this case was for the damages to be levied out of the goods of the intestate in the hands of the administrators, if he had any, and if not then the costs to be levied out of his individual property. 2 Tidd's Practice [9 Ed.], 931. See, also, Smith v. Chapman, 93 U. S. 41; Parkes v. Stephens, 1 Am. Dec. 557, 1 Hayw. 218.

"When an executor or administrator suffers judgment to go against him by default, he thereby admits assets in his hands, and is estopped to say the contrary in an action on such judgment suggesting a devastavit." 5 Am. and Eng. Encyclopedia of Law, 462. See, also, 3 Williams on Ex'rs, p. 2089 (1975); Tidd's Practice, 1113, 1114; Ewing v. Peters, 3 Durnf. and East. 690; People v. Judges, etc., 4 Cow. 445.

JOHN D. W. VEEDER for defendant in error.

A judgment by default against an executor or administrator is an admission of assets to the extent charged in the proceedings against him, and binds his own personal and real estate as fully as if the debt were his own. 3 Wait's Actions and Defenses, 266, sec. 18; Moore, Adm'r, v. Martindale, Blackf. (Ind.) 353; Dickson v. Wilkinson, Adm'r, 3 How. (U. S.) 57; Platt v. Robins & Swartwont, 1 Johnson's Cases (N. Y.), 276; Boyce's Ex'rs v. Grundy, 9 Pet. 275.

Blanchard, who alone of all the defendants, seeks a reversal of this judgment, accepted service for Mrs. Bernard. Where the record discloses no want of authority in him to do so, such authority must be presumed. Clark v. Morrison, 6 S. E. Rep. 171.

As to effect of joint judgments, see 1 Black on Judgments, sec. 211.

The authorities cited by counsel for plaintiff in error have no application in this case. They refer exclusively to cases where one of the joint defendants was never served with process. 1 Black on Judgments, sec. 233.

The judgment rendered against the two defendants, Charles Blanchard and Louisa D. Bernard is not joint. At common law each executor and administrator is severally liable for his own acts, and the assets which have come into his hands. Ames v. Armstrong, 106 Mass. 18; 2 Williams on Ex'rs, 949; 3 Id. 1820, et seq., and notes; In re Sanderson, 13 Pac. Rep. 497.

By the statutes of the territory, the liability of coexecutors and administrators is made several, and where more than one is made defendant in any suit, such suit may be prosecuted and judgment rendered against any one or more of such defendants. Comp. Laws, N. M. 1884, secs. 1885, 1889; Kelly v. Bandini, 50 Cal. 530.

The form of judgment to be entered against the two administrators, upon default made, is adopted from one given in common law practice in civil actions. Common Law Practice, Cox, 344.

"When an executor or administrator suffers judgment to go against him by default, he thereby admits assets in his hands, and is estopped to say the contrary in an action on such judgment suggesting a devastavit." 5 Am. and Eng. Encyclopedia of Law, 462. See, also, Platt v. Robins & Swartwont, 1 Johns. Cas. (N. Y.) 276; Ewing v. Peters, 3 Term. Rep. 685; Dickson v. Wilkinson, 3 How. (U. S.) 57; Moore v. Martindale, 2 Blackf. (Ind.) 353; Common Law Practice, Cox, 213; 3 Williams on Executors, 1894; Rock v. Leighton, 1 Salk. 310.

"It will be sufficient for the plaintiff, upon issue on the plea of non devastavit to prove the former judgment and the return of nulla bona." Shelton v.

Howling, 3 Term Rep. 689. See, also, 3 Williams on Ex'rs, 1984; Rock v. Leighton, 3 Term Rep. 692.

The action on the judgment and fieri facias and scire fieri inquiry are only for the security of the sheriff. 1 Lord Raymond. 590; 3 Williams on Ex'rs, 1984, note h; 2 Tidd's Prac. 1025 (star paging). See, also, People v. Judges of Erie, 4 Cow. (N. Y.) 445 (449); Wheatley v. Lane, 1 Saunder's Rep. 219, note; Boyce's Ex'rs v. Grundy, 9 Pet. 288; 3 Wait's Acts. & Def. 267, and cases cited; Smith v. Chapman, 93 U. S. 41; Toller's Law of Ex'rs, 469, cited in note to Platt v. Robins, 1 Am. Dec. 110 (113).

The court in this case should either modify the judgment of the district court, according to the form and law in support of it, which we have given, or remand the cause to the district court, with instructions to make such modification. Woodward v. Howard, Ex'r, 13 Wis. 623 (625); Kelly v. Bandini, 50 Cal. 530 (532); Fitzhugh v. Wiman, 5 Sel. (N. Y.) 559 (565).

Seeds, J.—This was an action in assumpsit, brought by the defendant in error, James Bolton, against Senescal and two others upon a note signed by them, and against Charles Blanchard and Louisa D. Bernard, as administrators of the goods and chattels of one Joab M. Bernard, deceased, who was a joint maker of the note sued upon. The two administrators made default, and judgment was taken against them absolutely, so that execution would be levied against their individual goods, instead of those of the deceased, Joab M. Bernard. The administrator, Charles Blanchard, sues out his writ of error to this court, and, among others, assigns as causes of error the following: "(1) It does not appear from the record that Charles Blanchard was ever served with summons in this case. (2) That by said record and declaration therein contained no cause of action appears or was alleged against

the said Charles Blanchard, and the said court was therefore without jurisdiction either as to the person or subject-matter, nevertheless said court rendered judgment by default against the said Charles Blanchard absolutely. (3) That although it appears from the declaration that the said action was brought against the said Blanchard solely in his capacity as administrator, and it does not appear that he is in any other way liable, yet the said judgment does not provide that the amount adjudged shall be levied out of the goods of Joab M. Bernard, if so much there be in the hands of the administrators to be administered, but adjudges the said amount absolutely against the said Blanchard and Louisa D. Bernard, administrators, as aforesaid, so that the same may be levied out of their own goods." These assignments cover the questions which we feel called upon to decide in the case.

As to the first assignment, the following is the return of the sheriff as to his services upon the plaintiff in error and his coadministrator: "I further certify that I served the within summons on Charles Blanchard, at Las Vegas, New Mexico, by then and there delivering him a true copy of the original summons; and I further certify that I served the within summons on Mrs. Louisa D. Bernard, at Las Vegas, in my said county of San Miguel, on the twenty-seventh day of March, 1891, by then and there delivering Charles Blanchard a true and certified copy of said original summons, he then and there accepting service for the said Louisa D. Bernard, one of the administrators of J. M. Bernard, deceased." The contention is that this return fails to show a service upon Blanchard five days before the term of court, as the date, twenty-seventh day of March, 1891, has reference solely to the service upon Mrs. Bernard. The wording is ambiguous, and the form is not to be commended; but we think that as the whole certificate

ASSUMPSIT: return of process, sufficiency of.

is one sentence, divided simply by a semicolon, the fair inference is that both services took place at one and the same time, and hence that the court had jurisdiction of the person of the plaintiff in error.

The declaration in the complaining portion says: "Complains of Charles Blanchard and Louisa D. Bernard, administrators of all and singular the goods, chattels, and effects that were of Joab M. Bernard at the time of his death," etc.; and in the charging portion says: "Yet the said  *   *   *  Charles Blanchard and Louisa D. Bernard, administrators, as aforesaid, to whom, after the death of the said Joab M. Bernard, letters of administration in due form of law were granted, after the death of the said Joab M. Bernard, not regarding their said several promises and undertakings, have not," etc. It can not be said that there is any direct allegation in the declaration of the promise of the administrators to pay the note sued upon; but, whatever the claim against them, it arises inferentially simply from the fact of their being administrators. It may be conceded that the declaration has started a cause of action against them simply as naked administrators, but further than that the declaration does not go. There is not one allegation in that pleading which goes to show that at the time of the suit there was $1 of assets in the hands of the administrators. The mere appointment of an administrator is not evidence of assets. If there is an administrator, he is, as such, primarily held for the debts of the deceased; and if there is a suit against him, as such, where the only allegation is as to his position, it would seem that by default the only judgment against him would be for whatever could be made by a levy against the goods of the deceased in his hands. Smith v. Chapman, 93 U. S. 41. The defendant in error admits that the judgment in this case is erroneous, but contends that it

*[margin note: DECLARATION: judgment by default against administrator.]*

ought to be so modified as to make the levy out of the goods and chattels of the deceased in the hands of the administrators, and, if there is nothing in their hands, or not a sufficiency to satisfy the judgment, then the damages, costs, etc., ought to be levied out of the proper goods and chattels of the administrators, or either of them. Upon the other hand, the plaintiff in error insists that the judgment ought only to authorize a levy against the goods of the deceased in the hands of the administrators, and, if not sufficient to satisfy the judgment, then costs only to be levied de bonis propriis. We think this latter position is more consonant to reason and the weight of authority. The law undoubtedly is that a judgment by default against an administrator is an admission of assets to the extent charged in the proceedings against him. Dickson v. Wilkinson, 3 How. U. S. 57. But there is no allegation in the declaration that the administrators had assets in their hands, hence this default can not admit what is not charged. In the case of Smith

**DECLARATION: default against administrator: return of nulla bona.** v. Chapman, 93 U. S. 41, the executors of a testator sued another executor upon a judgment obtained against the testator in his lifetime. The executor appeared and defended upon the plea of plene administravit. Judgment went against him and was entered de bonis propriis. From this he appealed. The supreme court held that the judgment was erroneous, for the declaration did not show that the executor had become personally liable for the judgment debt. In the case at bar there is no allegation that the administrators had become personally liable upon the note sued upon. In the cited case there was a defense, which the court said was not proven. The nature of the plea assumed that there were assets in the hands of the executor—the pleadings showed that fact—yet the court says: "It is clear that the judgment should have been de bonis testatoris,

instead of de bonis propriis, as shown by the record. Unless an administrator or executor in such a case pleads a false plea, he is not liable to a judgment beyond the assets in his hands to be administered; and it is well settled that a plea of plene administravit is not necessarily a false plea, and that the judgment in such a case, even if the plea is not sustained, should be a judgment de bonis testatoris." And, further: "Even if it appear that an executor has received assets, still the judgment or decree should be against him in his representative character, to be levied out of the assets in his hands, when no devastavit is averred and proved, unless it appears that no such assets can be found; in which event the rule is that the judgment may, if so ordered, be levied out of his own proper goods."

This rule is consonant with sound sense and justice. Certainly a default to an action which nowhere alleges either assets or a devastavit can have no greater potency than the failure to substantiate a plea which assumes assets. The defendant in error argues very earnestly that this default admits assets in the hands of the administrators, and hence, if an execution was issued, and returned nulla bona, that a devastavit would be proven, and hence that it is a vain and unnecessary thing to compel this defendant in error to begin another procedure to accomplish what can now be as readily done. While some authorities seem to point in the direction of this view, still those cited above, which are conclusive with us, do not sustain that contention; and besides, while the return of the execution nulla bona in the first instance may be evidence of a devastavit, yet we do not think it necessarily conclusive where there may be other evidence which would rebut it. Then, too, good pleading and regularity of proceeding demands that a judgment ought not to be broader than the allegations of the pleadings,

nor comprehend that which may possibly transpire. The judgment appealed from was erroneous, and must be modified to meet the views here set forth. The case is reversed and remanded for judgment in accordance herewith.

LEE and FREEMAN, JJ., concur.