Bales *et al. v.* Brown.

---

### BALES ET AL. *v.* BROWN.

AMENDMENT.—*Of Judgment.*—*Nunc Pro Tunc Entry.*—*Notice.*—Where, by mistake, the name of a party, against whom, with others, a judgment has been rendered, is omitted from the entry of such judgment, such mistake may, on proper notice to all concerned, be corrected at any time by a *nunc pro tunc* entry, if there be some preceding entry in the *original* cause, by which the correction may be made.

From the Monroe Circuit Court.

*R. A. Fulk*, for appellants.

*G. W. Grubbs*, for appellee.

BIDDLE, J.—Notice and motion to correct a record by a *nunc pro tunc* entry, brought after the term at which the record was made had expired.

The notice states, that the court, at a previous term,

Bales *et al. v.* Brown.

had rendered judgment in the case against Jackson Bales, Stephen Bales and Thomas I. Farr, but, by a misprision of the clerk, the judgment was entered against Jackson Bales alone; that afterward Thomas McGinnis entered himself as replevin bail upon the judgment, as rendered, against all the defendants, and moved the court to correct the record by a *nunc pro tunc* entry, so as to show that the judgment was rendered against the three defendants, instead of only one.

The defendants jointly demurred to the motion for want of facts, and the defendants Jackson Bales and Thomas McGinnis jointly demurred for misjoinder of parties in making them defendants.

The court overruled the demurrers, and the appellants excepted. They then answered, and the cause was heard by the court, and the record ordered to be corrected by a *nunc pro tunc* entry, as moved. The appellants prepared the case, and appealed from the judgment to this court.

This proceeding is simply a motion made upon notice to the opposite parties, and all interested in the case were properly notified. Such a notice does not contemplate adversary pleadings, like an original civil action. It is auxiliary to the preceding record in the case, and not an independent suit. The pleadings, however, and the rulings of the court upon them, are harmless.

There is a bill of exceptions in the record, filed upon overruling a motion for a new trial. It contains certain evidence, but it does not inform us that it contains all the evidence given at the hearing of the motion. The court below doubtless decided correctly; at least there is nothing in the record that shows us to the contrary. *Nunc pro tunc* entries to correct records may be made at any time, on notice, when there is something preceding the misprision, by which the correction may be made. *Fite* v. *Doe*, 1 Blackf. 127; *Songer* v. *Manwaring*, 1 Blackf. 251; *King* v. *Anthony*, 2 Blackf. 131; *Smith* v. *Myers*, 5 Blackf.

223; *McManus* v. *Richardson*, 8 Blackf. 100; *Makepeace* v. *Lukens*, 27 Ind. 435.

The judgment is affirmed, with costs.