## MILLER *v.* ROYCE, ADMINISTRATOR.

JUDGMENT.—*Omission of Amount.—Amendment.—Mistake.—Correction.—Nunc pro tunc Entry.—Practice.*—Where, in entering up a judgment rendered by a court of record, the amount thereof is omitted by the officer whose duty it is to make the entry, the omission may be supplied on motion, if the record of the cause furnish the means for making the proper correction.

SAME.—*Statute of* 8 *Henry VI.*, *c.* 12.—The powers of the courts of this State, to make such corrections, are derived chiefly from the statute of 8 Henry VI., c. 12.

From the Vigo Circuit Court.

*S. B. Gookins* and *G. C. Duy*, for appellant.

HOWK, J.—On the 4th day of September, 1876, the appellant presented to the court below his petition, or written motion, for the correction of an alleged mistake or omission in the record of a former judgment of said court.

In his petition, the appellant alleged, in substance, that, on the 4th day of August, 1862, he brought an action, in the court below, against John W. Heddenburg and John Burton, to recover the amount due him from them, upon and by virtue of their having executed to one John Arnold an appeal bond, dated April 30th, 1858, in the penal

sum of one thousand eight hundred dollars, with condition that the said Heddenburg should prosecute an appeal to the Supreme Court from a judgment of the court of common pleas of Vigo county, in favor of said Arnold and against said Heddenburg, (which judgment was rendered November 1st, 1856, for nine hundred dollars damages,) with effect, and pay the judgment, if any, that might be rendered against him in the Supreme Court; copies of which bond, and of said judgment, and of an assignment thereof by said Arnold to the appellant, were filed with appellant's complaint in said cause, said complaint alleging that said judgment had been affirmed, on said appeal, by the Supreme Court, and that it remained unpaid; that the said Heddenburg was not served with process in, and did not appear to, appellant's said action; that said John Burton appeared and demurred to appellant's complaint in said cause, which demurrer was overruled by the court, and, said Burton failing to answer further in said action, judgment was thereupon rendered by the court below therein, on September 10th, 1864, against the said Burton, for the want of an answer, for the amount due the appellant from said Burton, on said appeal bond; that the clerk of the court below, in entering said judgment of record, by accident or mistake, omitted to write in the record of said judgment the amount for which said judgment was so rendered by said court, but left certain blanks in said record for the amount of the said judgment, which blanks he omitted to properly fill in; that all said facts appeared by the record and proceedings in said cause, to which the appellant referred for greater certainty; that the amount, which the said clerk should have written in said record, was matter of computation only, being the amount of said judgment in favor of said Arnold, against said Heddenburg, with interest from the date thereof to the time of the rendition of said judgment on said appeal bond, as before stated, to wit, nine hundred dollars, with interest thereon from

November 1st, 1856, to September 10th, 1864, and one per centum damages on said judgment, awarded by the Supreme Court, amounting in the aggregate to the sum of one thousand three hundred and thirty-three dollars and thirty-five cents; and that, since the rendition of said judgment, the said John Burton had died, and the appellee, Samuel Royce, had been duly appointed, and was then acting as, administrator of the said decedent's estate, and had due notice of the appellant's petition or motion. Wherefore the appellant asked, that the record of said judgment might be corrected and amended, by inserting therein, as of the date thereof, the amount for which said judgment was so rendered by the court below, or, upon refusal so to do, that said judgment be set aside and annulled.

The appellee appeared to the appellant's petition or motion for the correction of the record of the judgment described in said petition or motion, and moved the court below to reject said petition or motion; which motion of the appellee the court sustained, and rejected the appellant's petition or motion, to which decision of the court the appellant excepted, and his bill of exceptions was signed and sealed by the court, and made part of the record.

In this court, the appellant has assigned, as error, the decision of the court below, in sustaining the appellee's motion to reject the appellant's petition or written motion for the correction of the alleged mistake in the record of the judgment described in said petition.

It is very clear, we think, that the court below erred, in rejecting the appellant's petition or motion in this case, and in refusing to correct the record of the judgment described in said petition, as prayed for therein.

The appellee has not favored this court with any brief or argument in support of the decision of the court below, and we are unable to comprehend the grounds of that decision. It is well settled, by numerous decisions of

this court, that the courts of this State are possessed of full and ample powers to correct mistakes and supply omissions in their records, whenever and wherever the records supply the means for making such corrections or supplying such omissions. The powers of the courts in the premises are derived chiefly from acts of Parliament, which, with the common law of England, are parts of the laws of this State, and especially from 8 Henry VI., c. 12. By the act of Parliament last referred to, the judges of the courts are fully empowered to examine the records, etc., by them and their clerks, and to reform and amend in affirmance of the judgments of such records, etc., " all that which to them, in their discretion, seemeth to be misprision of the clerks therein." *Jenkins* v. *Long*, 23 Ind. 460 ; *Makepeace* v. *Lukens*, 27 Ind. 435 ; *Goodwine* v. *Hedrick*, 29 Ind. 383 ; *Bales* v. *Brown*, 57 Ind. 282 ; and *Latta* v. *Griffith*, 57 Ind. 329.

In the case now before us, the record of the cause wherein the court below rendered the judgment, which the appellant sought in this proceeding to have corrected and amended, showed conclusively, and beyond a possible doubt, the exact data for computing the precise sum for which the judgment was rendered. The demurrer of the appellee's intestate to the appellant's complaint having been overruled by the court, he failed to answer further in said action. In such a case, the last clause of section 382 of the practice act provides as follows : " If a party fail to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default." 2 R. S. 1876, p. 189. Upon this default, the appellant's cause of action, as stated in his complaint, was fully admitted ; the measure of this recovery, under the admitted statements of his complaint, was the judgment described therein, with interest thereon from its date, and the damages thereon awarded by the judgment of this court ; the amount and date of the judgment described were clearly and distinctly stated in the appellant's complaint against

the appellee's intestate, and thus became a part of the record; and by this part of the record, by mere computation, the record of the judgment of the court below in favor of the appellant, and against the appellee's intestate, could be reformed, amended and corrected, as prayed for in the appellant's petition or written motion.

In our opinion, the appellant's petition in this case stated facts sufficient, if they are true, to entitle him to the relief prayed for therein; and therefore we hold, that the court below erred in rejecting said petition.

The judgment is reversed, at the costs of the appellee, and the cause is remanded, with instructions to overrule the appellee's motion, and for further proceedings in accordance with this opinion.