## NEWHOUSE ET AL. *v.* MARTIN.

MISTAKE.—*Correction of Record of Sheriff's Return.—Practice.—Demurrer. —Pleading.—Motion.—*A court has the power, on motion, to order the correction of the clerk's record of the return on an execution. And in such case neither demurrer nor other adversary pleading is contemplated, though harmless.

SAME.—*Parol Proof of Loss of Return.—*In such case the return will control the record, and, where it is lost, the contents of the return may be proved by parol.

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell,* for appellants.

*W. A. Porter,* for appellee.

BIDDLE, J.—Motion by appellee, in writing, to correct the record upon an execution docket.

The motion sets out the recovery of a judgment, the issuing of an execution, a levy by the sheriff on the north half of a certain quarter of a section of land, advertisement and sale of the land, and the sheriff's returns of the sale upon the execution ; but the clerk, in recording the returns of the sheriff upon the execution docket, described the land as the *south* half of the quarter section instead of the north half; in other respects the record is right. The appellants demurred and pleaded to the motion and formed issues of law and fact. This was unnecessary, though harmless. Such a motion is not a common-law civil action, requiring adversary pleadings ; it is merely a motion ancillary to the record which precedes it. When the parties are brought before the court, the court proceeds to hear the motion at once, without adversary pleadings. In this case there does not seem to be any dispute about the facts, nor does it seem that any one claims any interest in the land except the appellee ; but the appellants deny the power of the court to make the correction of the record. Such a power existed in all courts of record by the common law, but is specifically defined and regulated by stat-

ute 8 Henry VI, C. 12, which was adopted, with the common law, by this State, and made a part of our laws.

But the appellants insist that a record can not be corrected by parol proof. We do not perceive that the court attempted any thing of the kind. It was proper, the execution and the sheriff's return thereon being lost, to allow their contents to be proved by parol, and then correct the record by the contents of the execution and the sheriff's return as proved by parol. If both the sheriff's return and the clerk's record were in existence, the return would control the record, for the return is the original, and the record its transcript. The making of the record by the clerk is a ministerial act, and its correction affects no judicial act in the case. The evidence is sufficient. The court did not err in ordering the correction to be made. *Bales* v. *Brown*, 57 Ind. 282; *Latta* v. *Griffith*, 57 Ind. 329; *Miller* v. *Royce*, 60 Ind. 189.

The judgment is affirmed, at the costs of the appellants.

Petition for a rehearing overruled.