## REILY *v.* BURTON.

## No. 7365.

JUDGMENT.—*Amendment of.*—*Nunc Pro Tunc Entry*—*Evidence.*—*Sheriff's Sale of Real Estate.*—*Action to Recover.*—*When Necessary to Refund Purchase-Money.*—In a suit upon notes and to foreclose a mortgage waiving valuation and appraisement laws, the court rendered a judgment and decree for the sale of the real estate, "without relief from appraisement laws," and entered a minute to that effect on the issue docket of the court, which judgment and decree were properly entered upon the order book, by the clerk, except that it contained no direction for the sale of the mortgaged premises "without relief from appraisement laws." After the sale of such real estate without relief, etc., on such decree and the conveyance thereof by the sheriff, such judgment and decree were, upon proper notice to the parties thereto, amended and corrected in reference to such omission. Action by the judgment debtor to recover such real estate from the purchaser thereof at the sheriff's sale, on account of the alleged defect in such original judgment and decree

*Held,* that the rendition of a judgment and the entry thereof are different and distinct acts—the one being the act of the court, and the other that of the clerk of the court; and that the court had the power to reform and amend the clerk's entry of such judgment as of the date thereof, and the order of sale or execution issued thereon as of the date of the writ of execution, and such reformation and amendment legalized and validated said sale and conveyance.

*Held,* also, that the record of the subsequent proceedings correcting such

entry of judgment was competent, relevant and material evidence in such action.

*Held,* also, that, if such sale and conveyance were not legalized by such subsequent proceedings, under section 625, 2 R. S. 1876, p. 257, the judgment creditor would not be entitled to recover the possession of such land until the purchase-money had been refunded with interest, deducting therefrom the value of the use, rents and profits, and injury done by waste and cultivation, as provided for therein.

From the Knox Circuit Court.

*F. W. Viehe, R. G. Evans* and *W. C. Niblack,* for appellant.

*H. S. Cauthorn, J. M. Boyle* and *H. Burns,* for appellee.

Howk, J.—In this action, the appellee sued the appellant, to recover the possession of eighty acres of land, particularly described, in Knox county, Indiana.

In her complaint, the appellee alleged, in substance, that she was the owner in fee simple, and entitled to the possession, of the land described therein ; and that the appellant then held possession of said land without right, and, for three years last past, had unlawfully kept the appellee out of the possession thereof, to her damage in the sum of one thousand dollars. To this complaint the appellant answered by a general denial thereof.

The issues joined were tried by a jury, and a verdict was returned for the appellee, that she was the owner, and entitled to the possession, of said real estate, and assessing her damages for its unlawful detention in the sum of two hundred dollars. The appellant's motion for a new trial having been overruled, and his exception saved to this decision, judgment was rendered on the verdict.

The only error assigned by the appellant, in this court, is the decision of the circuit court in overruling his motion for a new trial. The causes assigned for such new trial were as follows :

1. The verdict of the jury was not sustained by sufficient evidence ;

2. Errors of law occurring at the trial, and excepted to by the appellant, in this, to wit:

(a) In admitting in evidence the notice in the "Vincennes Weekly Western Sun;"

(b) In excluding from the jury the proceedings in the case of *George G. Reily et al.* v. *Mary A. Burton et al.*, and evidence that the interlineation in the execution was made in pursuance of the order of the court in that case;

(c) In giving the jury instruction No. 4; and,

(d) In giving the jury instruction No. 8.

We will first give a summary of the facts of this case, as we gather the same from the record. On and before the 25th day of April, 1873, one Joseph Collins was the owner in fee simple, and in the possession, of the eighty acres of land in controversy in this action. On the day last named, the said Joseph Collins was indebted to one John Frost in the amount of two promissory notes of that date, executed by said Collins to the order of said John Frost, one for the sum of $500, and the other for the sum of $614.22, and payable respectively in six and twelve months after date, waiving relief from the valuation or appraisement laws of this State, with eight per cent. interest from date. On the same date, the said Joseph Collins and Mary Ann Collins, then his wife, but now Mary Ann Burton, the appellee in the case at bar, executed a mortgage conveying to said John Frost the said eighty acres of land, to secure the payment of the said two notes, above described, without relief from the valuation or appraisement laws of this State. On the 22d day of July, 1874, the said John Frost commenced a suit, in the Knox Circuit Court, against the said Mary A. Collins, as sole defendant, to recover the amount due on said notes, by the foreclosure of said mortgage and the sale of the mortgaged premises. In his complaint in that suit, the said John Frost alleged, among other things, that the said Joseph Collins had died intestate, leaving the said

Mary A. Collins, his widow, surviving him, as his only heir at law. The said Mary A. Collins appeared and defended the said suit of John Frost ; and such proceedings were had therein, as that afterward, at the November term, 1874, of said court, to wit, on the 12th day of December, 1874, there was found to be due the said John Frost, on the notes above described, the sum of $1,256.60, and final judgment was rendered thereon for the foreclosure of said mortgage, and for the sale of said eighty acres of land, as other lands were sold on execution, for the payment of costs and of the said amount found due to said Frost, and barring the equity of redemption therein.

On the 21st day of December, 1874, a certified copy of said judgment and order of sale was issued out of the clerk's office of said court, directed and delivered to the sheriff of said Knox county. Afterward, on the 16th day of January, 1875, the said sheriff made return of said order of sale, to the effect that, after advertising the time and place of sale in the manner prescribed by law, he had, by virtue of said writ, between the hours of 10 o'clock A. M. and 4 o'clock P. M. of said day, at the door of the court-house of said county, after first offering the rents and profits of said eighty acres of land for a term of years not exceeding seven, and receiving no bid therefor, then and there offered and sold at public auction the said real estate, in fee simple, to the said George G. Reily, for the sum of $1,418, that being the highest and best bid made therefor; and that, the said Reily having paid the amount of his said bid, the said sheriff had executed to him a certificate of such sale, in accordance with the statute. On the 2d day of February, 1876, more than one year having elapsed since the said sheriff's sale of said eighty acres of land, and the same not having been redeemed from such sale in the manner prescribed by law, the said sheriff of Knox county executed and delivered to the said George G. Reily a deed

conveying to him the said real estate, in fee simple. Under this deed, the said Reily took possession of said eighty acres of land, and was in possession, claiming title thereto, at the time of the commencement of this suit.

The foregoing facts were uncontradicted by any evidence in the record. Upon these facts, it will be readily seen that the appellee claimed title to the land in controversy, as the sole heir at law of her deceased husband, Joseph Collins, and that the appellant claimed to be the owner in fee of said real estate, and entitled to its possession, under and by virtue of the sheriff's sale and conveyance thereof to him, as above stated. On the other hand, the appellee's counsel claim, and the circuit court decided, that the sheriff's sale and conveyance of said real estate to the appellant were absolutely void, because the entry of the judgment under which the sheriff's sale of said land was made, contained no order of the court that it should " be executed without any relief from appraisement laws," and because the execution or order of sale, under which the sale was made, contained no such waiver of the appraisement laws, and because it did not appear from the sheriff's return of said order of sale, that he had caused such real estate to be appraised, in the manner prescribed by law, before the sale thereof, and had sold the same to the appellant for a sum not less than two-thirds of its full appraised value.

With the facts of this cause before us, and with the statement, as above, of the grounds on which the appellee and the appellant respectively claim to be the owners in fee, and entitled to the possession, of said eighty acres of land, we proceed now to the consideration and decision of those questions which fairly arise under the appellant's assignment of errors on the record of this cause. From our statement of the facts of this case, it will be seen that the notes of the appellee's deceased husband, Joseph Collins, and the

Reily *v.* Burton.

mortgage executed by him and the appellee to secure the payment of said notes, each and all contained an express waiver by the parties thereto, of any relief whatever from the valuation or appraisement laws of this State. We have several statutory provisions in force in this State, applicable to such a case. Thus, in section 381 of the code, it is provided, that, ".When a judgment is to be executed without any relief from appraisement laws, it shall be so ordered in the judgment." And further, that if demands subject to the appraisement laws are included in one action with demands made payable without relief from appraisement laws, "the court may reader separate judgments upon such demands." 2 R. S. 1876, p. 188.

Again, in section 1 of "An act to regulate the collection of judgments and the sale of property on execution," against certain officers and persons, etc., approved December 21st, 1858, it is provided, that all judgments recovered against certain named officers and persons, "for money collected or received in a fiduciary capacity, or for a breach of any official duty, or for money or other articles of value held in trust for another, shall be collectible without     *     *     *     * benefit of the valuation or appraisement laws of this State." Acts 1858, p. 39 ; 2 R. S. 1876, p. 188, note 5. So, also, in section 15 of "An act concerning promissory notes, bills of exchange," etc., approved March 11th, 1861, it is provided, that, "Upon any instrument of writing, made within this State, or elsewhere, containing a promise to pay money without relief from valuation laws, judgment shall be rendered and execution had accordingly." Acts 1861, p. 145 ; 1 R. S. 1876, p. 636.

·Where there is no waiver of the valuation and appraisement laws of this State, either by force of a statutory provision or under a written agreement or promise, the general law on the subject of the sale of property on execution

or order of sale is contained in section 445 of the code, wherein it is provided, that "No property shall be sold on any execution or order of sale issued out of any court, for less than two-thirds of the appraised cash value thereof, exclusive of liens and incumbrances, except where otherwise provided by law." 2 R. S. 1876, p. 210. We have now given, we think, all the statutory provisions of this State, which have any bearing, direct or indirect, upon the questions for decision in this case. It will be observed, that the latest legislation of this State, on the subject under consideration, is contained in said section 15, above quoted, of the act of March 11th, 1861, concerning promissory notes, etc. Under that section, it is very clear that, in the suit of John Frost against the appellee in this action, judgment should have been rendered "to be executed without any relief from appraisement laws," and execution should have been had thereon accordingly.

It appears from the transcript of this cause, that, at the proper time, the appellant offered in evidence the record of the proceedings of the court below, in the case of *George G. Reily* v. *Mary A. Burton et al.;* that the appellee objected to the admission of said record in evidence, which objection was sustained by the court; and that the appellant excepted to the decision of the court in excluding said record from the jury. We are of the opinion, that the court erred in this decision, and that the record in question was competent, relevant and material evidence, and ought to have been admitted.

This record showed, clearly and conclusively, as against the appellee, Mary A. Burton, that, in the foreclosure suit of John Frost against said appellee, by her then name of Mary A. Collins, upon the return of the verdict therein on the 12th day of December, 1874, the court had rendered a judgment and decree in said cause, for the sale of the real estate in controversy, "without relief from appraisement

laws," and had entered a minute to that effect on the issue docket of said court; and "that said decree was properly entered by the clerk of the court upon the proper order book thereof, *except* that it contained no direction for the sale of said premises, without relief from appraisement laws." It also appeared from that record, that, in that suit, on the 15th day of December, 1877, the court below ordered and adjudged, in favor of the appellant, George G. Reily, and against the appellee, Mary Ann Burton, that the said judgment and decree, before that time rendered in the case of John Frost against said appellee, by her then name of Mary A. Collins, in so far as the entry thereof by the clerk was concerned, should be amended and corrected as of the date thereof, to wit, December 12th, 1874, and that the certified copy thereof or order of sale, issued to the sheriff, and under which he sold said real estate to the appellant, should be amended and corrected as of its date, by inserting therein respectively, at the proper places, the words "without any relief whatever from valuation or appraisement laws."

The transcript in the case at bar fails to disclose the grounds upon which the appellee objected to the admission in evidence of the record of the proceedings of the court, in the case of *Reily* v. *Burton et al.*, or the grounds of the court's decision in excluding such record. We may safely assume, however, as it seems to us, that the grounds of the appellee's objection to the admission of such record in evidence, and of the court's decision in excluding it from the jury, were, that the proceedings of the court in that case, for the amendment and correction of the clerk's entry of the judgment and decree in the original suit for foreclosure, and of the order of sale issued thereon, "were incompetent and irrelevant, because they were manifestly had and held some time subsequent to the sheriff's sale and conveyance to the appellant, under said judgment and order of

sale of the real estate in controversy.   We are of the opin-
ion, that the appellee's objections to the admission of said
record in evidence were not well taken, and that the court
clearly erred in excluding it from the jury.

This record would have clearly shown, as we have seen,
that, in the foreclosure suit of John Frost against Mary A.
Collins, now Mary A. Burton, the appellee in this case, the
court rendered judgment without relief from valuation
laws, in conformity with the requirements of section 15,
above quoted, of the act of March 11th, 1861, concerning
promissory notes, etc.; but that, by the " misprision of the
clerk,"the judgment was not entered on the order book of
the court, as it was rendered, in this, that the order for
the sale of the mortgaged property, " without relief from
valuation laws," was omitted from such entry. The rendi-
tion of judgment, and the entry of judgment, are different
and distinct each from the other.    The former is the act
of the court, while the latter is the act of the clerk of the
court.   *Anderson* v. *Mitchell*, 58 Ind. 592.   The act of
Parliament, 8 Henry VI., chap. 12, is a part of the recog-
nized law of this State.   In this act of Parliament, it was
provided " that the King's judges of the courts and places
in which any record, process, word, plea, warrant of attor-
ney, writ, panel, or return, which for the time shall be,
shall have power to examine such records, processes, words,
pleas, warrants of attorney, writs, panel or returns, by
them and their clerks, and to reform and amend (in affirm-
ance of the judgments of such records and processes) all that
which to them, in their discretion, seemeth to be misprision
of the clerks therein, except appeals, indictments of treason,
and of felonies and outlawries, so that by such misprision
of the clerk no judgment shall be reversed or annulled."
This court has repeatedly recognized and acted upon
these statutory provisions, and has upheld the power and
duty of the courts of this State thereunder, to reform and

Reily *v.* Burton.

amend, in affirmance of their judgments and processes, "all that which to them, in their discretion, seemeth to be misprision of the clerks therein." *Jenkins* v. *Long*, 23 Ind. 460 ; *Makepeace* v. *Lukens*, 27 Ind. 435 ; *Goodwine* v. *Hedrick*, 29 Ind. 383 ; *Bales* v. *Brown*, 57 Ind. 282 ; *Latta* v. *Griffith*, 57 Ind. 329 ; *Miller* v. *Royce*, 60 Ind. 189.

It seems very clear to us that the court below, after notice to the appellee in this case, had full and ample power, under the law, to reform and amend the clerk's entry of the judgment rendered against her, in favor of John Frost, as of the date of said judgment, and the order of sale or execution issued thereon, as of the date of said writ ; and that such reformation and amendment, so made of said entry and writ, as of the dates aforesaid, would legalize and validate the sheriff's sale and conveyance to the appellant of the real estate in controversy, had under said judgment and pursuant to said writ. It was so held by this court, in the well considered case of *Hunter* v. *The Burnsville Turnpike Company*, 56 Ind. 213, wherein it was decided that a voidable execution or order of sale might be reformed and amended after the sale of the property and the return of the writ, in such manner as to legalize and render valid the sale made thereunder.

For the reasons given, we are of the opinion that the court erred in excluding from the jury the record of the proceedings of the circuit court, in the case of *Reily* v. *Burton et al.*, above referred to.

The conclusions we have reached, in regard to the error of the court in excluding from the jury the record of the court's proceedings in the case of *Reily* v. *Burton et al.*, and the opinions we have expressed in relation to the competency, relevancy and materiality of such excluded evidence, render it unnecessary for us now to consider or decide any of the questions presented by or arising under the other causes for a new trial, assigned by the appellant

in his motion therefor. From what we have already said, it is apparent, we think, that the court clearly erred in overruling the appellant's motion for a new trial.

In remanding this cause to the court below for a new trial, it will not be improper for us, we think, to direct the attention of the parties and their counsel to the provisions of section 625 of the code, which would be directly applicable to the case made by the record of this cause, if the appellee's counsel were right in their theory, that the sheriff's sale and conveyance to the appellant, of the real estate in controversy, were absolutely void. Under that section, if the sheriff's sale and conveyance of the land to the appellant were void, and were not legalized and validated as we think they were, under and by force of the subsequent proceedings of the appellant, against the appellee, to reform and amend the original judgment and the order of sale issued thereon, it would be very clear, as it seems to us, that the appellee would not be entitled to the possession of the land, until she had refunded the purchase-money, with interest, deducting therefrom the value of the use, rents and profits, and injury done by waste and cultivation, to be assessed under the provisions of said act. 2 R. S. 1876, p. 257 ; *Walton* v. *Cox*, 67 Ind. 164.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Petition for a rehearing overruled.