No. 8498.

MITCHELL ET AL. *v.* LINCOLN, ADM'R.

JUDGMENT.—*Clerical Error or Mistake.—Evidence.*—Upon motion or petition, and notice, the court has power to correct clerical errors or mistakes in the entry or record of its judgments, and, to that end, parol evidence is admissible.

From the Warren Circuit Court.

*J. McCabe,* for appellants.

*J. M. Rabb,* for appellee.

HOWK, J.—This was a proceeding by notice and motion, instituted by the appellee against the appellants. In his verified motion or petition, the appellee represented in substance, that on the 6th day of June, 1879, he commenced a suit in the court below against the said appellants upon a note executed by them to him, as such administrator; that the said cause came on to be heard by and before said court, at its June term, 1879, the appellants having each been duly served with process therein ten days before the first day of said term; that on the 12th day of said term, to wit, on the 28th day of June, 1879, the appellants were each duly called, by order of the court, to answer the appellee's complaint therein, and, failing so to do, a judgment was duly and legally rendered by the court, in said cause, against the appellants

upon their said default; that the said judgment was meant and intended to be for the full amount shown to be due upon said note, to wit, the sum of $379.00; but that, by mistake and inadvertence, the said judgment was entered by the clerk of the court upon its records for the sum of $279.00, all of which facts were more fully shown by the record and the files in said cause remaining on file in the office of the clerk of said court. Wherefore the appellee moved the court that the record of the judgment in said cause might be so corrected that the same should read and stand as a judgment against the appellants for the true amount due on said note, at said date, to wit, $379.

To this motion or petition the appellants' demurrer, for the alleged insufficiency of the facts therein, was overruled by the court, and to this ruling they excepted. They then answered in two paragraphs, of which the first was a general denial, and the second paragraph was a special defence, to which the appellee replied by a general denial. The cause was tried by the court, and a finding was made that the judgment was originally entered for $279.00, by mistake, as shown in said motion, and that it ought to have been entered for $379.00; and the court then ordered and adjudged that the said mistake in the entry of said judgment should be corrected, in accordance with its finding. The appellants' motion for a new trial having been overruled by the court, and their exception saved to this ruling, they have appealed from the order and judgment on said motion to this court.

They have here assigned, as errors, the following decisions of the circuit court:

1. In overruling their demurrer to appellee's motion; and

2. In overruling their motion for a new trial.

In his brief of this cause the appellants' counsel says: "Both errors present the same question, namely, whether a record can be amended, so as to correct a mistake in the entry thereof, without any note or memorandum therein showing the mistake." The learned counsel adds, "that question is settled

in appellants' favor in *Schoonover* v. *Reed*, 65 Ind. 313, and cases there cited." It seems to us, however, that the case at bar presents an entirely different question for decision, from the only one which can be said to have been settled in the case cited and relied upon by the appellants' counsel. In *Schoonover* v. *Reed, supra,* and in the cases there cited, the only question decided is, that *nunc pro tunc* entries of what had been previously done, but had not been entered at the time, could not be made upon parol evidence alone; and that they could only be made "where there is some memorial paper, or other minute of the transactions in the case," from which what had occurred could be ascertained. Doubtless, that is good law, and it meets our full approval. *Makepeace* v. *Lukens,* 27 Ind. 435.

But the question decided in these cases is not the question presented for decision in the case now before us. The appellee's motion was not that the court would make a *nunc pro tunc* entry of something that had been done but not entered in the original cause. The entry had been made therein at the proper time, but the appellee claimed that there was a mistake in this entry, and his motion was that the court would order the correction of such mistake. The case we are now considering is very similar in its facts to the case of *Jenkins* v. *Long,* 23 Ind. 460. In that case the court said: "It was not sought to supply any 'omission' in the proceedings, for on their face they were regular and complete, but simply to correct a clerical error of commission. The inherent power of the court was invoked—a power much older than the code—to make its record speak the truth as to what it had done, upon the suggestion that its ministerial officer, by mistake, had not correctly recorded its judgment actually rendered. *Burson* v. *Blair,* 12 Ind. 371. * * * * Was any evidence admissible, upon the hearing of the motion, outside of the judgment sought to be amended? This question can receive only an affirmative answer. It would be in vain to seek relief against a clerical error, unless such error may be shown

to exist; and the instances would be rare indeed in which the error would be apparent upon the face of the record itself."

In *Sherman* v. *Nixon*, 37 Ind. 153, it was held by this court, that where a judgment by default had been entered for a sum too small, as appeared on the face of the papers in the case, through an error of the clerk or judge, the judgment might be corrected on motion, at a subsequent term, although the amount for which it had been erroneously entered had been paid. To the same effect, substantially, are the following cases: *Bales* v. *Brown*, 57 Ind. 282; *Latta* v. *Griffith*, 57 Ind. 329; *Miller* v. *Royce*, 60 Ind. 189; *Newhouse* v. *Martin*, 68 Ind. 224; *Reily* v. *Burton*, 71 Ind. 118; *Boyd* v. *Fitch*, 71 Ind. 306; *Hannah* v. *Dorrell*, 73 Ind. 465.

In this case the alleged mistake in the amount of the judgment was apparent on the face of the papers in the cause. Indeed, it is not claimed by the appellants' counsel that the mistake did not exist, precisely as stated in the verified motion; but he bases his claim to the reversal of the judgment, upon the sole ground that, unless there existed a written note or memorandum of the mistake in the case, the court could not correct it. That ground is hardly tenable, as it seems to us. The mistake might be shown to exist by parol evidence, without any written note or memorandum thereof. *Jenkins* v. *Long, supra.*

We find no error in the record of this cause.

The judgment is affirmed, at the appellants' costs.