Ellis v. Keller.

No. 8183.

## ELLIS v. KELLER.

JUDGMENT.—*Entry.*—*Misprision.*—*Practice.*—*Motion to Correct. Bill of Exceptions.*—A motion to correct a misprision in the entry of a judgment is .not, like a complaint, a part of the record on appeal, without a bill of exceptions or order of the court, and the ruling of the court on such motion presents no question, unless excepted to and the grounds of objection shown. Such proceeding is not governed by section 396, R. S. 1881.

SAME.—*Action Brought in Term Time.*—*Mistake in Name of Party in Endorsement on Complaint.*—*Jurisdiction.*—When an action is commenced for a day in term time later than the first, a mistake in the name of the plaintiff in the endorsement upon the complaint of the return day, as *Kelley* for *Keller*, the true name being in the body of the complaint and in the summons, which is returned duly served, and judgment thereon taken by default, does not affect the jurisdiction of the court.

From the Jasper Circuit Court.

*D. Moran,* for appellant.

*M. F. Chilcote,* for appellee.

WOODS, J.—Proceedings to correct a judgment. The judgment was rendered against the appellant by default, at the June term, 1878, of the circuit court, and the correction made, upon motion at the ensuing November term. The appellant was served with notice, and appeared at the hearing of the motion, and now claims to have made a number of objections to the proceedings; but the record shows only a general exception to the order for the correction, no ground of objection being stated. The bill of exceptions is also defective in that it does not contain a copy of the motion on which the court acted. A reference is made by the clerk to a copy which precedes the bill of exceptions; but, as is well settled, such reference can be made only to documents, which, in the place referred to, are proper parts of the record. The motion in question was to obtain the correction of a clerical misprision, whereby, in the entry of the judgment, the plaintiff's name was written *Kelley* instead of *Keller*. Such correction, it has been determined, may be made upon mere

motion, which is not, like a complaint, subject to a demurrer (*Conway* v. *Day*, 79 Ind. 318, and cases cited), and which, therefore, can be made a part of the record only by bill of exceptions or by an order of court. There was, however, no error in the action of the court. The complaint and summons, upon which the default and judgment were entered, were faultless, except that in the endorsement on the back of the complaint, designating the day of the term to which the summons should be made returnable, the name of the plaintiff was written *Kelley*. The name on the face of the complaint and in the summons being right, and the summons having been duly served, the jurisdiction was complete, the judgment was not invalid, and there was in .the record ample evidence upon which the correction could be ordered, if, indeed, a formal correction in such a .case be necessary.

The proceedings for the correction of such mistakes are not governed by the 99th section of the code. See *Miller* v. *Royce*, 60 Ind. 189, and cases cited.

Judgment affirmed, with costs.