No. 9568.

SIDENER, ADMINISTRATOR, ET AL. *v.* COONS, ADMINISTRATOR.

JUDGMENT.—*Correction of Record as to Amount.—Promissory Note.—Mistake.—
Practice.*—Where a judgment by default is taken upon a promissory note, and, by mistake in computation, the amount of the judgment is incorrect, the record may be corrected on motion, after the lapse of two years. The proceeding is not controlled by section 396, R. S. 1881, and it seems that the sufficiency of the application can not be tested by demurrer.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush,* for appellants.

*M. D. White, G. W. Paul* and *J. E. Humphries,* for appellee.

MORRIS, C.—The appellee, as administrator of the estate of George W. Smith, filed his petition in the Montgomery Circuit Court, alleging that on the 3d day of October, 1871, being the second juridical day of the October term, 1871, of the court of common pleas of Montgomery county, he obtained a judgment in said court by default on a certain promissory note against Joshua D. Smith and James B. Sidener; that a summons in said cause was served on the defendants therein on the 22d day of September, 1871, and that, by a mistake in calculating the sum of money then due on said note, and by a mistake of the clerk in entering the same, and

by a mistake of the court in rendering said judgment, said judgment was rendered and entered for the sum of $828.40, which sum included $50 for attorney fees provided for in said note; whereas the sum then due on said note and the sum for which said judgment should have been then rendered and entered was $923.99, together with reasonable attorney fees, making the sum of $973.99; that said Joshua D. Smith has since died, leaving as his only heirs the appellants Rebecca Neff and Mabel Smith; that said Smith left no estate, and that no administrator has been appointed on the estate of the said Joshua D. Smith; that said James B. Sidener also died, and that the appellant James B. Sidener was duly appointed and qualified as his administrator. It is prayed that a *nunc pro tunc* entry may be made in said cause, correcting the alleged error in said judgment.

The appellants appeared and demurred to this petition. The demurrer was overruled.

James B. Sidener, as administrator, etc., answered the complaint in four paragraphs, the first being the general denial. The second alleged that said judgment was duly rendered and entered more than two years before the filing of the petition.

The third paragraph of the answer states the commencement of the suit in which said judgment was rendered, and the default of the defendants therein, as alleged in the complaint, and then avers that after the default the question of damages was submitted to the court; that after hearing the evidence the court made a finding and assessment of the damages in said action in favor of the plaintiff therein, which finding was duly entered by the judge of the court on the docket of the court, in the manner following: "Defendants called and defaulted; set down for hearing by the court; finding for the plaintiff, $778.40, and $50 attorney fees and costs, without relief." That the clerk of said court duly entered of record, in the order book of said court, the judgment mentioned in said complaint and motion, from the minutes of the

court as made upon the trial of the cause, as set out above and in exact accordance therewith; that said judgment was duly signed by said judge of said court as entered and recorded by the clerk; that said clerk did not make any mistake in entering the same.

The fourth paragraph of the answer is payment of the judgment as rendered. The appellee demurred to the second, third and fourth paragraphs of the answer. The demurrer was sustained to the second and fourth and overruled to the third. The appellee replied to the third.

The cause was submitted to the court; finding for the appellee. Appellants moved the court for a new trial. The motion was overruled and judgment rendered for the appellee, amending the original judgment by inserting the amount due at the time it was rendered on the note upon which the judgment was rendered, as prayed for in the petition.

The overruling of the demurrer to the petition and the sustaining of the demurrer to the second paragraph of the appellants' answer are assigned as errors.

This proceeding is not and does not purport to be an application for relief under the 99th section of the code of 1852. Nor is it a motion for a new trial. It should, we think, be regarded simply as a motion to correct a mistake in the judgment. Thus regarded, there was no error in sustaining the demurrer to the second paragraph of the appellants' answer. In the case of *Miller* v. *Royce*, 60 Ind. 189, the motion to correct the judgment was made more than thirteen years after the judgment sought to be corrected had been rendered. The court says: "It is well settled, by numerous decisions of this court, that the courts of this State are possessed of full and ample powers to correct mistakes and supply omissions in their records, whenever and wherever the records supply the means for making such corrections or supplying such omissions."

The judgment sought to be corrected in this proceeding was based upon a promissory note. The defendants to the

judgment had made default, and thereby admitted the plaintiff's right to the amount due on the note.   The note was a part of the record.   The record, therefore, as in the case of *Miller* v. *Royce, supra,* supplied the means of determining the amount for which judgment should have been rendered, and of correcting any mistake in the judgment as to the amount.   To ascertain the amount for which the judgment should be rendered would be a mere matter of calculation.

In the case of *Miller* v. *Royce, supra,* the court adjudged the plaintiff entitled to recover the amount due on the bond sued upon, and left it to the clerk to make the calculation and insert it in the entry.   This the clerk failed to do.   Upon motion, many years afterward, the court ordered the amount to be calculated, and the judgment to be corrected by inserting the amount.

In the case of *Latta* v. *Griffith,* 57 Ind. 329, the appellee had sued Latta upon a note for $418.50, and by mistake alleged in his complaint, that the note was for $218.50, instead of $418.50.   At the May term, 1873, the court rendered judgment on the note for $218.50, supposing that to be the amount due on the note, because of the mistake in the complaint.

A complaint was afterwards filed by Griffith to correct the mistake.   It was held by this court that the complaint should be regarded as a motion, and that the error in the judgment should be corrected.   In this case, the error was originally made by Griffith's attorney, and was carried into the judgment through error of the court.

Counsel refer us to the case of *Boyd* v. *Blaisdell,* 15 Ind. 73.   We think the court states the law correctly in the case referred to.   PERKINS, J., says, quoting from Tidd: " Judgments and records are there" (England) " never allowed to be amended, except, in the first place, where the case is within the reach of some statute; or, in the next place, where there is something to amend by; that is, where there is some

memorial paper, or other minute of the transactions in the case, from which what actually took place in the prior proceedings can be clearly ascertained and known."

Here, the default was a complete admission of the cause of action alleged in the complaint upon the note, and that the plaintiff in the action was entitled to judgment for the amount due on the note. The note was a part of the record, a memorial paper, the face of which must have shown the amount due on it, and for which the plaintiff in the suit was entitled to judgment. If there was a mistake in the amount of the judgment, the record itself must have shown its existence beyond all question or doubt. The appellant is mistaken, we think, when he says that it is not shown in this case that there is anything of record by which to make the correction required.

It was held in the case of *Partridge* v. *Harrow*, 27 Iowa, 96, that an error of the court in the calculation of the amount due on a note might be corrected by motion, if the motion was made within the time limited by statute; and if not made within the time thus allowed by statute, it might be made afterwards by petition in chancery. See also *Barthell* v. *Roderick*, 34 Iowa, 517; *Wilson* v. *Boughton*, 50 Mo. 17.

There was no error, we think, in overruling the demurrer to the petition or motion. If regarded as a proceeding in the nature of a petition in equity, it was clearly sufficient, and entitled the petitioner to relief; if it is to be treated simply as a motion, it was sufficient; besides, as a motion, its sufficiency could not be tested by demurrer. *Latta* v. *Griffith*, *supra*.

The evidence is not in the record. We can not say that the court erred in correcting the judgment.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.