# PRITCHARD ET AL. *v.* MINES ET AL.

[No. 8,401. Filed October 7, 1914.]

1. APPEAL.—*Judgment.—Modification.—Parties.*—On appeal the objection that the trial court erred in ordering the correction of a judgment *nunc pro tunc*, without having before it all the parties in whose favor the judgment was rendered, is not available, where the presence of all the parties was not essential to the jurisdiction, and the objection was not made below. p. 674.

2. JUDGMENT.—*Clerical Error.—Correction.*—Where a clerical error or mistake has been made in entering up a judgment, any person interested therein and against whom the mistake was made may have the same corrected on a proper application and showing. p. 674.

3. JUDGMENT.— *Mistake. — Correction. — Proceedings. —* While the proper practice, where it is desired to correct a mistake in a judgment *nunc pro tunc*, is for all the parties adversely affected by the error to join in the motion, or, if they do not all join, then to serve those not joining with notice the same as adverse parties, a failure to follow such practice does not deprive the court of jurisdiction over the parties properly before it, and, having jurisdiction of the subject-matter, its judgment correcting the record would be binding on the parties before it. p. 674.

4. APPEAL.—*Review.—Correction of Judgment.—Parties.—Waiver of Objection.*—Appellant, by failure to object in the lower court that all the parties adversely affected by an error in the judgment, had not joined in the motion to correct, or had not been served with notice of the motion, waived the right to urge such objection on appeal. p. 675.

5. JUDGMENT.—*Correction Nunc Pro Tunc.— Pleading.— Evidence.*—Proceedings to correct a record *nunc pro tunc* may be instituted on motion, without special pleadings, and all proper evidence may be heard under the motion. p. 675.

6. JUDGMENT.—*Correction Nunc Pro Tunc.*—Mistakes made in entering judgments, whether as to amount or otherwise, may be corrected when the record of the cause furnishes the means of making the proper correction. p. 675.

7. MORTGAGES.—*Foreclosure.—Decree.—Description of Property.—Correction of Mistake.*—Where a mortgage sought to be foreclosed described the land as being in "range 1 east," and the mortgage itself was filed with the complaint as an exhibit, and there were no averments that such description was erroneous, and no prayer for its reformation, such description controlled the description set out in the complaint, and furnished sufficient memoranda on which to base a correction of the decree which described the land as in "range 1 west". p. 675.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by James E. Mines and another against Leona Pritchard and another. From an order correcting the judgment for plaintiffs, *nunc pro tunc,* the defendants appeal. *Affirmed.*

*Means & Buenting* and *Oscar Ratts,* for appellants.
*Perry McCart,* for appellees.

HOTTEL, J.—Appellee Mines brought suit in the Orange Circuit Court against appellants on a note and to foreclose a mortgage on certain real estate given to secure such note. Appellee bank claimed some interest in such note and on its petition was made a party plaintiff. An amended complaint was filed and such proceedings were had that appellants were defaulted and judgment was rendered against Leona Pritchard on the note and a decree was rendered foreclosing such mortgage. This judgment and decree was rendered on December 10, 1910, and provided in part as follows: that the proceeds derived from the sale of the mortgaged premises should be paid: "First. To the payment of all costs accrued in this action and costs of sale. Second. To the payment of the amount due the Second National Bank. Third. To the payment of residue of said judgment to said plaintiff James E. Mines. Fourth. The overplus, if any, remaining to be paid by the sheriff to the clerk of this court," etc. The real estate described in the judgment was described as being in range 1 west.

On March 9, 1912, appellee Mines alone filed a motion to correct the record of the judgment by a *nunc pro tunc* entry,

making that part of said judgment which described the real estate to read, "range 1 east" instead of "range 1 west". Notice was served on appellants of the filing of such motion, and they appeared and filed objections to such correction. These objections are in substance as follows: The description of the real estate in the record and judgment, and in the decree sought to be amended by the *nunc pro tunc* entry, is identical with the description given in the complaint and there is no note or memorandum in writing made at the time of the rendition of the judgment showing or tending to show that any other judgment was rendered or intended by the court than the one evidenced by the record; that while the notes made by the court on its minute book at the time such judgment was rendered order the mortgaged premises sold on decree, there is no file mark on the mortgage showing that it was ever on file, or that it was filed or presented to the court at the time it rendered the original judgment; that the amendment should not be granted for the reason that innocent parties might be misled by the entirely different description in the record; that the entry should not be granted unless justice requires it, and then only, when some note or memorandum in writing was made at the time of the rendition of the judgment whereby it may be ascertained what it really was; that appellee Mines has sold and assigned for a valuable consideration the mortgage sought to be foreclosed to Anna Mines and the party asking to have the *nunc pro tunc* entry made had no financial interest in the mortgage at the time he filed his motion to correct; that an innocent purchaser for value has been misled, etc., and failed to make a defense to the judgment sought to be corrected by reason of the fact that the record, including the complaint and order book entries show the judgment and decree of foreclosure to be on different land. On April 24, 1912, the parties appeared in court and the court sustained the motion of appellee Mines and ordered

that the judgment be corrected as prayed. The ruling on such motion is assigned as error.

It is first contended by appellants that the original judgment was in favor of both appellees while the motion to correct it was by appellee Mines alone, and that the court, not having before it all the parties to the original judgment should not have made the correction. So far as the record discloses, this objection was not presented to the trial court and, hence should not be considered by this court, unless such joinder in the motion to correct was necessary and essential to the jurisdiction of the court.

Where a clerical error or mistake, such as the one under consideration, has been made by the clerk in entering up a judgment, there can be no doubt but that any person interested in such judgment against whom such mistake is made, on proper application and showing, may have the mistake corrected. *Chissom* v. *Barbour* (1885), 100 Ind. 1; *Miller* v. *Royce* (1877), 60 Ind. 189; *Makepeace* v. *Lukens* (1867), 27 Ind. 435, 92 Am. Dec. 263.

It is doubtless true that the proper practice in such cases would be for all persons against whom the error was made, or who were prejudicially affected thereby, to join in the motion to correct, and, in case any such party or parties, seeking to have such correction made, for any reason were unable to get their coparties to join in such motion, they should in such case serve such party or parties with notice of the motion the same as if they were adverse parties; but, we do not believe that a failure to make such coparties parties to such motion, or to serve them with notice thereof, will operate to deprive the trial court of jurisdiction over those parties who are properly before it. In such case the jurisdiction of the court would not be complete as to parties, but having jurisdiction of the subject-matter, viz., the right to correct the record, its judgment in such matter would be binding on those parties who were properly

before it. Had the trial court's attention been called to the fact that such coparty had had no notice of the proceedings to correct, it would doubtless have required such notice before passing on the motion. As the record comes to us we are of the opinion that appellants have waived their right to urge such objection in this court.

We next inquire whether the action of the court in making the correction was authorized. In motions to correct records by *nunc pro tunc* entries, special pleadings are not necessary, but all proper evidence may be heard under the motion. *Gray* v. *Robinson* (1883), 90 Ind. 527, 531, 532, and cases cited; *Harris* v. *Tomlinson* (1892), 130 Ind. 426, 30 N. E. 214. Mistakes made in the entering of judgments, whether as to the amount or otherwise, may be corrected when the record of the cause furnishes the means of making the proper correction. *Sidener* v. *Coons* (1882), 83 Ind. 183, and cases cited; *Miller* v. *Royce, supra; Chissom* v. *Barbour, supra.* It is said in *Miller* v. *Royce, supra,* "It is well settled, by numerous decisions of this court, that the courts of this State are possessed of full and ample powers to correct mistakes and supply omissions in their records, whenever and wherever the records supply the means for making such corrections or supplying such omissions."

The mortgage sued on was the foundation of that part of the action predicated thereon, which sought to foreclose the lien on the real estate described therein, and hence it, or a copy thereof, was a necessary exhibit with the complaint. Appellants admit that such mortgage itself was made a part of the amended complaint as an exhibit, and that the description of the real estate therein contained, described the property as "range 1 east". The record also discloses these facts. The original action was a suit to foreclose the mortgage as executed, and there being no averments of mistake therein, and no prayer to reform

such instrument, any variance between the description contained in such exhibit and that contained in the complaint was controlled by the exhibit. *Supreme Lodge, etc.* v. *Graham* (1912), 49 Ind. App. 535, 539, 97 N. E. 806; *Stockwell* v. *Whitehead* (1911), 47 Ind. App. 423, 428, 94 N. E. 736; *Indiana Bldg., etc., Assn.* v. *Plank* (1899), 152 Ind. 197, 52 N. E. 991; *Harrison Bldg., etc., Co.* v. *Lackey* (1897), 149 Ind. 10, 48 N. E. 254. A filing of the complaint with the exhibit attached was a filing of such exhibit. *Whitworth* v. *Malcomb* (1882), 82 Ind. 454.

While appellants' bill of exceptions does not show what evidence was before the court, or that any evidence was introduced on which the correction was made, it does set out as a part of the proceedings had before the court, the amended complaint and exhibit, and the judgment rendered thereon, and an entry made by the court on its issue docket at the time the judgment was rendered, which reads as follows:

"Dec. 6, '10 14th day. By leave of court the Second National Bank of New Albany, Ind., is made party plaintiff herein. Amended complaint filed. Proof of service. Default. Trial by Court, finding for plaintiff principal & interest $515.00. Attorneys fees $25.00 protest fee $1.79 without relief total finding $541.79 foreclosure of mortgage & sale of mortgaged premises or so much thereof as may be necessary to pay debt, interest, costs, accruing costs, protest fees and attorneys fees. Judgment on finding."

As before stated appellants in their brief admit that the mortgage was an exhibit with the complaint and that the mortgage described the real estate as being in range 1 east. Indeed, it is not claimed by appellants that the real estate described in the judgment as corrected is different from that described in the mortgage given to secure the note on which judgment was rendered in the former suit. These express and implied admissions of appellants show that the trial court, under the authorities, *supra,* had before it sufficient

memoranda on which to base its correction of the original judgment, and hence committed no error in sustaining said motion to correct.  Judgment affirmed.

Note.—Reported in 106 N. E. 411.  As to entry of *nunc pro tunc* judgments, see 4 Am. St. 828.  See, also, under (1) 2 Cyc. 706; (3) 23 Cyc. 878; (4) 2 Cyc. 703; (5) 23 Cyc. 876; (6) 23 Cyc. 873, 859; (7) 27 Cyc. 1662, 1664.