CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY v. SMITH.

SMITH v. CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY.

[Nos. 10,636, 10,888.   Filed December 14, 1920.]

1.   APPEAL.—Record.—Correction Nunc Pro Tunc.—Memorials.—Minutes.—To justify a correction of the record nunc pro tunc, the record must furnish the means of making the correction, in the form of some memorial paper or other minutes of the transactions in the case showing the truth as to what occurred.   p. 340.

2.   EXCEPTIONS, BILL OF. — Correction Nunc Pro Tunc. — File Marks.—Judge's Certificate.—Appeal.—When the file marks placed by the clerk upon the longhand transcript of the evidence and those placed by him upon the bill of exceptions including such transcript harmonize with the date given by the judge in his certificate of the presentation, signing and filing of the bill of exceptions, they are not sufficient memorials upon which to found an entry nunc pro tunc changing said date. p. 342.

3.   APPEAL.—Record.—Correction Nunc Pro Tunc.—File Marks.—Parol Evidence.—Bill of Exceptions.—The dates shown by file marks placed on the longhand transcript contained in a bill of exceptions, and on the bill itself, by the clerk, cannot be impeached and destroyed by parol testimony for the mere purpose of creating memorials for the correction of the judge's certificate of the date of presentation, signing and filing such bill to conform to the memory of interested persons.   p. 342.

4.   APPEAL.— Record.— Certiorari.— When Return Disregarded.—The return to a writ of certiorari, bringing up a nunc pro tunc entry made without authority of law, will be disregarded, and the record will stand as originally filed.   p. 344.

5.   APPEAL.—Record.—Bill of Exceptions.—Time of Filing.—A bill of exceptions not presented to the judge within the time limited therefor is not in the record on appeal.   p. 344.

6. TRIAL.—*Motion for Judgment on Answers by Jury.—Informality.—Appeal.*—Where a motion for judgment on the jury's answers to interrogatories, though in some respects informal, was sufficient to inform the court and adverse party of the action of the court desired, the informality will be ignored and the motion considered on appeal. p. 344.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Orlando B. Smith against the Chicago, Indianapolis and Louisville Railway Company. From a judgment for planitiff, the defendant appeals, and from an order correcting the record *nunc pro tunc,* the plaintiff appeals. Order correcting the record *reversed.* Judgment in the main case *affirmed.*

*Perry McCart, Van Brunt & Harker* and *C. C. Hines,* for appellant.

*Earl F. Gruber,* for appellee.

ENLOE, J.—On October 2, 1917, the above-named Orlando B. Smith began a suit in the Clinton Circuit Court against the above-named railway company, whereby he sought to recover the possession of a certain described tract of land, situate in the city of Frankfort, Indiana, and damages for its use and occupancy by said railway company, of which land he alleged he was the owner in fee simple.

To this complaint the said railway company answered in general denial, and the issue thereon formed was submitted to a jury for trial, resulting in a verdict for the plaintiff, the jury finding that he was entitled to the possession of the land sued for, and assessing his damages at $100. With their general verdict the jury also returned their answers to certain interrogatories submitted to them by the court. Upon the return of the verdict and answers to said interrogatories by the jury, said railway company at once filed its motion for "a

judgment of the special finding of facts, notwithstanding the general verdict returned by the jury." Thereafter, and before said motion had been disposed of, the railway company filed its motion for a new trial, which being overruled, and a judgment returned on the verdict, said railway company prayed an appeal to this court, and was granted forty-five days in which to file its appeal bond and sixty days in which to file its bill of exceptions. These proceedings, as shown by the record, occurred on May 9, 1919.

The appeal bond was duly filed June 20, 1919, as shown by the record, and the record of said cause as originally filed in this court further recited:

"Be it further remembered, that afterwards, to wit, on Wednesday, July 9th, 1919, the same being in vacation of the Clinton Circuit Court, in and for the County of Clinton, State of Indiana, the following proceedings were had in said cause:

Orlando B. Smith
v.                                    No. 970
Chicago, Indianapolis and Louisville Railway Company.

Comes now the defendant, and within the time heretofore allowed by the court and files herein its general bill of exceptions including the evidence, which bill of exceptions reads as follows, to wit:"

The certificate of the trial judge to the original bill of exceptions on the evidence, as the same was filed in this court, recited:

"Be it remembered, that on the 9th day of July, 1919, and within the time allowed by the court for filing its bill of exceptions in the case wherein Orlando B. Smith was plaintiff and Chicago, Indianapolis and Louisville Railway Company is defendant, being cause No. 970, in the Clinton Circuit Court of Clinton County, State of Indiana, the said Chicago, Indianapolis and Louisville Railway Company presented to the court in vacation, the attached and foregoing longhand manuscript of the

shorthand notes, incorporated in this bill of exceptions, and asked that the same be signed, sealed and filed in this case  *  *  *."

The record of said cause was filed in this court August 6, 1919, and the brief of appellant railway company was filed November 3, 1919.

On January 28, 1920, the railway company filed in said circuit court its motion for a *nunc pro tunc* entry, alleging that the date of the presentation of said bill of exceptions to the trial judge, as shown in the judge's certificate, to wit, July 9, 1919, was erroneous; that the true and correct date on which the bill of exceptions was presented and signed was in fact July 8, 1919; that no order-book entry of the filing of the bill of exceptions in the office of said clerk was, "through the inadvertence, neglect and misprision of the said clerk," made in the order book of said court. The railway company, as a part of its motion, also filed the affidavit of the former court reporter, who had taken the testimony given on the trial of said cause, and who had prepared the bill of exceptions and taken the same to the office of the clerk of said court to be filed.

Notice of the filing and pendency of said motion was duly served upon the attorney for said Smith, and thereafter, on March 17, 1920, the matters alleged in said petition were heard by the court, and thereafter, on April 10, 1920, an order was made ordering said records corrected *nunc pro tunc* as prayed, to which order said Smith duly excepted. From this order said Orlando B. Smith has appealed to this court, the same being cause No. 10,888, *supra*. Appellant Smith has brought up the full record of the proceedings on said petition, including all the evidence offered on said hearing, and insists that upon the record the court erred in making said order of correction *nunc pro tunc*, and that the same should be set aside and held for naught.

The causes thus appealed have been, by order of this court, consolidated for our consideration.

We shall first consider the matter presented by this second appeal. In *Pritchard* v. *Mines* (1914), 56 Ind. App. 671, 106 N. E. 411, it was said: "Mistakes

1. made in the entering of judgments, whether as to the amount or otherwise, may be corrected when the record of the cause furnishes the means of making the proper correction."

In *Boyd* v. *Blaisdell* (1860), 15 Ind. 73, the court quoted with approval from *Alhers* v. *Whitney*, 1 Story's Rep. 310, as follows: " 'Judgments and records are there never allowed to be amended, except, in the first place, where the case is within the reach of some statute; or, in the next place, where there is something to amend by; that is, where there is some memorial paper, or other minute of the transactions in the case, from which what actually took place in the prior proceedings can be clearly ascertained and known.' " The court further said in the Boyd case, *supra:* "We doubt whether a judge can alter a judgment after the close of the term, where there is nothing to amend by; and he assumes to do it on the ground that the judgment, as entered, does not express the intention of his mind at the time it was entered. This would enable courts to carry their records, and the ultimate rights of parties, about the country in their heads, in rather too concealed a manner. * * * Misprisions of clerks may be corrected, especially where there are data to amend by."

In *Miller* v. *Royce* (1877), 60 Ind. 189, the court said: "It is well settled, by numerous decisions of this court, that the courts of this state are possessed of full and ample powers to correct mistakes and supply omissions in their records, whenever and wherever the records supply the means for making such corrections, or supplying such omissions. * * * In the case now be-

fore us, the record of the cause wherein the court below rendered the jugdment, which the appellant sought in this proceeding to have corrected and amended, showed conclusively, and beyond a possible doubt, the exact data for computing the precise sum for which the judgment was rendered."

In *Lynch* v. *Reynolds* (1869), 69 Ky. (6 Bush.) 547, the order excepted to was as follows:    " 'It being within the personal knowledge of the court that the bill of exceptions in this case was approved and signed by the judge of the court at the last April term, and ordered to be made a part of the record; and it appearing by some omission the order to make it a part of the record was not entered up; it is *now for then* ordered that said bill of exceptions be made a part of the record of said case, and treated as such.' "    In discussing the matter presented the court said: "The record, signed and approved by the judge at the April term, fails to show that any exceptions were taken to the ruling of the court and decisions made in this case during the progress of the trial, and fails to show that there was a motion for a new trial or that any bill of exceptions was tendered. How is this omission to be remedied?    The proposition is to supply the whole by the memory of the judge alone of what took place.    The accuracy of the memory of the judge as to what he states cannot be questioned; but can omissions and failures to enter orders and judgments be thus supplied at a subsequent term?    If they can, the records of courts must lose their verity, and the rights of the citizen depend on the varying and fading memories of men.    The law forbids such a state of things."

In *Vandever* v. *Griffith* (1859), 59 Ky. (2 Metc.) 425, the case had been tried in the lower court, at the September term, at which time there was a verdict, judgment, motion and reasons for a new

trial filed, and overruled. But there was no order allowing time to file bill of exceptions. At the following March term a record was made showing that "the parties came by their attorneys, *and it appearing*, that at the trial of this cause at the last term of this court, the court allowed defendants time to prepare a statement and bill of exceptions * * *." The court, in discussing the matter before it, said: "Now, how did this appear? Was it from the memory of the judge, or a suggestion of one of the attorneys, or of one of the parties, or a statement by a by-stander? It does not appear from the record. There is no trace of any such thing there. Are circuit courts to be allowed to act, in matters of the gravest importance to litigants and the community generally, and where there are plain rules of law written for their guidance and control, upon *appearances* so unreliable and uncertain as were acted upon in this case? Certainly it cannot be allowed. If so, the rights of litigants in the matter of making out and filing bills of exceptions will no longer be secure."

The doctrine thus announced has been followed consistently in Indiana by a long line of decisions. It is sound law. In the instant case, if we apply this

2-3. rule of law to the facts of the case, what do we find as a "memorial" upon which to found the order of correction? We have one "file mark" of the clerk of the Clinton Circuit Court on the front of the first page of the longhand transcript of evidence—"Filed July 8, 1919." The same file mark and of the same date appears *on the back of the last page* of said longhand transcript of said evidence, the last page being the reporter's certificate thereto. Immediately following the last page of said longhand transcript is the certificate of the trial judge. It recites that said bill of exceptions was presented to him on July 9, 1919, and concludes:

"And said bill of exceptions is now, this 9th day of July, 1919, signed, sealed, and filed and made a number in the record in this cause." On the back of the certificate of said judge to the bill of exceptions appears the file mark of the clerk of said court, "Filed July 9, 1919." The certificate of said reporter attached to the longhand transcript, as the same was filed in the office of said clerk, was also offered in evidence in its entirety, as was also the certificate of the judge to said bill of exceptions. These constituted the "memorials" upon which said railway company bases its claim of a right to have said order of correction made.

Was there any conflict, or any inconsistency between these memorials, or any of them, and the record? Were the memorials used in fact for the purpose of *aiding the record to speak the truth;* or was this proceeding, in fact, an attempt to contradict the memorials and *impeach* the record?

The first claimed memorial—the file mark on the first page of said longhand transcript, July 8, 1919—certainly was not inconsistent with any other part of said record; there was nothing to harmonize, so far as it was concerned, and it could not therefore in this instance be considered as being such a memorial as the law requires.

Were the file marks of "July 9, 1919," such "memorials?" If they were, they were strangely used. Memorials, when proper to be used to correct records, are used on the theory that they, and not the record, speak the truth, and the record is corrected so that the two shall speak the same thing. In this case these "memorials," if they say anything, say that the bill of exceptions was presented to the judge of said court on July 9, 1919, and then filed in the office of the said clerk on July 9, 1919, as a bill of exceptions. But said railway company would, by parol testimony, impeach and destroy these memorials and then have the record cor-

rected to conform to the memory and understanding of persons who might happen to be interested. This would make the memory of man of greater verity, more to be believed and relied upon, than the records of our judicial tribunals. To this doctrine we cannot assent. There was no sufficient "memorial" in this case upon which to found the order for said entry *nunc pro tunc*, and the court erred in making said order.

The Clinton Circuit Court having ordered the record corrected *nunc pro tunc*, appellant railway company applied to this court for a writ of *certiorari*, which 4. application was granted, and said record, as ordered corrected by said trial court, duly certified by the clerk of said court to this court. The order correcting said record having been made without authority of law, and therefore erroneous, the return of said clerk to said writ of *certiorari*, embracing and being said erroneous order, will therefore be disregarded, and the record will stand as the same was originally filed in this court.

Tested by this record, the bill of exceptions is not in the record, not having been presented to the judge within the time limited therefor, and no question or 5. questions depending thereon can be by us considered.

The only alleged error remaining to be considered relates to the action of the trial court in overruling said railway company's motion for judgment in its 6. favor upon the answers of the jury to interrogatories. The motion was in some respects informal, but there was sufficient to inform the court and the adverse party of the action which said company desired the court to take, and we shall therefore ignore any informality in said motion.

After a careful consideration of the answers to interrogatories, we are of the opinion that they are not

in irreconcilable conflict with the verdict, and appellant railway company was not entitled to have judgment rendered in its favor thereon.

The judgment of the Clinton Circuit Court in cause No. 10,888 is therefore reversed and the cause is remanded, with directions to the trial court to set aside, expunge and annul its said order *nunc pro tunc* made April 10, 1920. The judgment in cause No. 10,636 is affirmed.